## GEO. W. SPURLIN *v.* RICHARD M. MILLIKIN.

Improvements upon public lands cannot form the object of a contract, where the party is not in a situation to avail himself of the preëmption laws- Being a trespasser he cannot claim indemnity for his improvements.

No suit will lie to recover back what has been paid or given in compliance with a natural obligation. C. C. 1751, 1752.

Money paid for usurious interest cannot be recovered in a Court of justice. The decisions in 4 Rob. 493, and 1 An. 265, re-affirmed.

APPEAL from the District Court of the Parish of Carroll, *Farrar, J.*
  *Sparrow & Montgomery*, for plaintiff. *DeFrance & Harper*, for defendant and appellant.

VOORHIES, J. In the spring of the year eighteen hundred and fifty-four, the defendant, then a pre-emptor on public lands, sold to the plaintiff an improvement on other public lands. The latter furnished for the purchase his two notes, each for the sum of two hundred dollars, payable to bearer.

These notes being in the hands of third persons, were taken up by the plaintiff, who gave others in renewal.

Suit is now brought to recover the amount of the two first notes, on the ground that the sale of the improvements was illegal and null, and that the vendee is consequently entitled to a repetition of the purchase money.

It appears that at the date of this transaction, whether previously or subsequently, it is difficult to determine, *Spurlin* purchased public lands adjoining the land upon which were situated the improvements in question. After renting these improvements about two years, he sold them to *William Barnes*, who, it

28

appears, subsequently absconded without paying the stipulated price of his purchase, ($550.)

It is well settled that the improvements upon the public lands cannot form the object of a contract, where the party is not in a situation to avail himself of the pre-emption laws. Being a tresspasser, he cannot claim indemnity for his improvements. C. C. 1772, 1887, 1889; 3 A. 145, *Wood* v. *Lyle,* The sale from *Millikin* to *Spurlin* was an illegal one; and had suit been brought by the former to compel the latter to pay the price, the demand would have been rejected.

But having paid this debt, can the plaintiff ask its repetition? He certainly was benefitted by the transaction; he leased and sold the premises, besides having had them in his enjoyment and possession. And, if the defendant acted illegally in this matter, the plaintiff was in no better situation by his own showing. At all events this case comes within the operation of the first section of article C. C. 1751, classifying as natural obligations: " Such obligations as the law has rendered invalid for the want of certain forms or for some reason of general policy, but which are not in themselves immoral or unjust." In such cases, says the subsequent article (C. C. 1752) : " No suit will lie to recover back what has been paid or given in compliance with a natural obligation."

For reasons of general policy the law does not countenance the sale of improvements on the public lands by a party who is not in a situation to avail himself of the pre-emption laws; but there is nothing immoral or unjust in such a sale, if no undue advantage be taken of the vendee. Indeed such a sale might be the very means of enabling the latter to enter the land. A contract of this kind might, consequently, create a natural obligation, the discharge of which would be conclusive between the parties.

Upon the same principle it has been repeatedly held that money paid for usurious interest, could not be recovered in a court of justice. 4 R. 493; 1 An. 265.

In the case at bar there was unquestionably a natural obligation on the part of the purchaser to pay the stipulated price of the improvements, which were conveyed to him by the defendant. The contract was of their own seeking; and there is no proof that the latter deceived the former in this respect. The voluntary execution of the respective stipulations is a bar to this litigation.

It is, therefore, ordered and decreed, that the judgment of the District Court on the verdict of the jury, be avoided and reversed; and that there be judgment in favor of the defendant and appellant with costs in both courts.

MERRICK, C. J., absent.