FREDERICK H. MANNY and JESSE BLINN, who sue for the use of F. H. MANNY,

*v.*

CHARLES L. STOCKTON.

1. USURY. Money paid as usury since the act of 1857, cannot be recovered back in an action of assumpsit.

2. EVIDENCE. An affidavit of a person not a party in a cause, cannot be read as evidence unless by consent. Such an affidavit is *ex parte*, and is no more than hearsay.

APPEAL from the Circuit Court of Winnebago county; Hon. BENJAMIN R. SHELDON, Judge, presiding.

This was an action of assumpsit to recover back money paid as usurious interest.

The case was submitted to the court without a jury, and a verdict found for the defendant. A motion for a new trial having been overruled, judgment was entered on the finding for the defendant. The plaintiffs bring the case here by appeal, and assign the following errors:

1st. That the court erred in refusing to hear the testimony of H. W. Taylor, by whom the plaintiffs proposed to prove that he had, while acting as attorney for Seth Marshall in the collection of said note, sent to and received from said Marshall a writing signed and sworn to by said Marshall, and delivered up to said Manny when the said note was paid by said Manny.

2d. That the court erred in overruling the motion of the plaintiffs for a new trial, and in entering judgment against the plaintiffs.

3d. That the court erred in not finding for the plaintiffs the balance of the $225 and the $100 paid on said note A, after paying interest on said note A, at ten per cent., up to June 10th, 1861.

4th. That the court gave judgment of no cause of action, and costs against the plaintiffs, whereas the judgment of the court should have been for the plaintiffs.

In the progress of the trial before the Circuit Court, the plaintiffs proposed to prove, by one H. W. Taylor, that he had, while acting as attorney in the collection of the note on which it was alleged usury had been taken, requested one Seth Marshall, of Painesville, Ohio, who was at the time owner of the note, to state whether, at the time of the purchase of the note, he had any knowledge of any payments further than appeared upon the note, or whether any usury had been paid on it, and whether he did not send to and receive from Marshall a writing signed and sworn to by Marshall, which he delivered up to Manny with the note when paid.

This " writing " proved to be an *ex parte* affidavit of Marshall, and objection being made to reading it as evidence, it was rejected.

Mr. L. F. WARNER, for the appellants, contended, that the judgment of the Circuit Court should be reversed, for the reason, that the suit is brought to recover money paid as usury, without any opportunity to defend the usury paid.

That, December 30, 1859, the appellants made their note for fifteen hundred dollars, payable in three years after date, with interest at ten per cent.

That December 21st, 1860, the appellants paid $225.

That in January, 1862, $100 was paid on the said note as interest to June 10, 1861.

That neither of said payments was endorsed upon the note.

That before the said note became due the appellee assigned the same to one Seth Marshall, who had no knowledge of the payment of $325, or any other payments, further than that payment of interest thereon to December 30th, 1860; and payment of interest to June 10th, 1861, in full, which was endorsed thereon.

That said Marshall was the legal owner and holder of said note before maturity, and as such did and had a right to collect what appeared to be due thereon, deducting interest at ten per cent. up to June 10th, 1861, as endorsed upon the note.

That the interest due upon said note to June 10th, 1861, was $215.66. That the amount paid was $325, leaving balance on which Circuit Court should have rendered judgment of at least $109.34, as money paid upon said note and not by the appellee endorsed thereon, and rendered judgment for that amount.

That the court should have permitted H. W. Taylor to have testified in the matter of his correspondence with said Seth Marshall in regard to the matter.

Stockton agreed that Manny should write to Seth Huntington, holder of note B, as to whether the $108.76 was indorsed upon that note, and agreed to take interest on said note at 10 per cent. The only question remaining was, whether the $108.76 was to be allowed upon said note A.

The appellant therefore claims that Seth Marshall was the legal owner of said note before maturity, without notice of any defense to the same on the part of appellee.

The appellee having paid thereon the sum of one hundred and eight dollars and thirty-four cents ($108.34), which ought and should have been endorsed thereon, but which was not, and which he has a right to recover back.

That the same was not what in law is to be regarded as a voluntary payment of usurious interest, which a party cannot recover back, but a payment upon said note, which after payment was assigned without being endorsed thereon to Seth Marshall.

The appellant therefore claims that the law is that the same should be repaid to him in amount at least the sum of $108.34, for which amount the court below should have rendered judgment in favor of the appellants.

That the balance paid on note A, after allowing interest up to June 10th, 1861, was not a voluntary payment, but such as by law the appellants were bound to pay. And being compelled to pay the same, can and have a right to recover such amount from the appellee as they were required to pay more than if the indorsements had been made on said note A, as in fact there were, viz:

$225, December 30, 1860.

$100, January 10, 1862.

Whereas the indorsements were as interest up to June 10, 1861.

The appellants therefore claim that the said judgment be reversed, and cause remanded for a new trial.

Messrs. BROWN and TAYLOR for the appellee, in reply.

The facts presented in this case, as appear from the bill of exceptions herein, are briefly as follows:

On the 11th day of April, 1859, Manny, Blinn & Co. made their note to Charles L. Stockton, appellee, for the sum of $1,500 (being note referred to in the bill of exceptions, as note " B "), payable three years after date, with interest at ten per cent. per annum, payable annually. On the 30th of December following, Stockton gave up this note to the agent of Manny & Blinn, appellants, who had succeeded to Manny, Blinn & Co., in order that they might raise money on it by negotiating it to one Colbert Huntington, they giving to Stockton another note for the same amount ($1,500), but bearing date December 30, 1859, and payable three years after date, with interest at ten per cent. per annum, payable annually (being note referred to in the bill of exceptions as note " A "), leaving unpaid the interest on the first note from April 11th to December 30th, amounting to the sum of $108.76. At the time of giving this note, there was a verbal agreement by Manny & Blinn to pay interest at the rate of fifteen per cent. per annum, instead of ten per cent. as expressed in the note. Sometime afterwards the amount of interest due on the first note ($108.76) was sent to Stockton by Manny & Blinn. On the 30th of December, 1860, Manny & Blinn sent Stockton the sum of $225 to pay interest on the note of December 30th, 1859, for one year, at fifteen per cent., according to their verbal understanding, which last mentioned sum was received by Stockton and indorsed on said note as interest paid in full to December 30th, 1860. On the 10th of February, 1862, they sent Stockton the further

sum of $100 to apply as interest on said note, at fifteen per cent., which was received by Stockton and indorsed as interest paid to June 10th, 1861. Both of said payments of inter est at fifteen per cent. were made by Manny & Blinn volun tarily, without (so far as appears from the testimony in the case) even a request from Stockton. Afterwards, and before the note became due, it was duly assigned to one Seth Marshall and was paid soon after due by F. H. Manny (who had succeeded to Manny & Blinn), there having been no further payments after the payment of the $100 aforesaid.

Now the only question in this cause is, can Manny & Blinn recover back from Stockton the excess over ten per cent. interest of the sums of $225 and $100, paid as aforesaid.

The statement of the case, as it appears in the evidence as presented in the bill of exceptions, seems to us sufficient answer to this question; We will, nevertheless, present the following points, and very briefly:

1. The usury paid by Manny & Blinn was paid *voluntarily*, and thus cannot be recovered back in a separate suit. *Hadden* v. *Innes*, 24 Ill. 381.

It is true this usury was paid in pursuance of a verbal agreement between the parties, but yet voluntarily, without even a request on the part of Stockton, but sent to him purely of their own accord. The agreement was nothing which Stockton could enforce or could give them the least trouble on; and they had simply to *decline* to carry out that agreement and Stockton could have made them no trouble, and under such circumstances, it would be a great hardship to compel Stockton now to refund the money thus paid. If they have fallen into a pit, it is of their own digging, and this court should not help them out. In spirit, this case does not differ from the case of *Hadden* v. *Innes*, above referred to. In that case, it is true the usury was paid with the principal; in this case long before; in both, the payments of usury were voluntary, which seems to us to be the pith of that decision.

2. If the payments of usury were not voluntary, yet they can not be recovered back by a suit for money had and

received.  Scates' Comp., p. 600, § 3; Sess. Laws, January 31, 1857, p. 45; *Hadden* v. *Innes*, 24 Ill. 381; *Perkins* v. *Conant*, 29 id. 184.

This court well said in *Hadden* v. *Innes*, "It is manifest that it was only the intention of the legislature to furnish a shield for defense, and not a weapon for attack, by the passage of this act" (that is the statute above referred to).  The principles laid down by this court in *Hadden* v. *Innes* and *Perkins* v. *Conant*, cover the whole ground, and establish the general principle that money paid as usurious interest cannot be recovered back by a suit for money had and received.  We can add nothing to those decisions.

3.  If the court should be of opinion that because the note had been transferred before due, to a *bona fide* holder, for a valuable consideration (which we admit), and thus F. H. Manny, when he paid the note, lost the opportunity of applying the excess of payments, over ten per cent. on the principal, therefore he should be permitted to recover back that excess, still that excess could not be recovered by a suit by Manny & Blinn, but by Manny alone, who paid the note.

The note was paid by F. H. Manny, and not by Manny & Blinn.  At this time F. H. Manny had succeeded to Manny & Blinn, as appears by the testimony of H. P. Stockton and Martin Rockwell.  The latter testifies that in the payment of the note, he was acting as the financial agent of F. H. Manny, and it will be clear from the testimony, that all the transactions connected with the payment of the note were with Manny alone.  Therefore, we conclude this portion of our argument with the remark, if this suit is brought to recover money paid by Manny & Blinn, as is alleged, and as the form of the suit supposes, we repeat, that money was voluntarily paid as usurious interest, and is fully covered by the case of *Hadden* v. *Innes.*  If it is brought to recover on the ground that *too much was paid at the time of the payment of the note,* (the note then being in the hands of a *bona fide* assignee), we answer that this money was paid by F. H. Manny; Blinn was in no manner privy to it.  Therefore, in

every view of the case, we think the court below was right in finding for the defendant.

4. As to the first error assigned, the writing referred to was but hearsay testimony; it was but a statement of a third party, that was certainly inadmissible in evidence against appellee, defendant below. This is too well established to need further argument or citations of any authorities.

This, we believe, disposes of all the errors assigned, and we cannot believe this court will reverse the judgment of the court below, and thus encourage litigation contrary to justice and good faith between man and man.

Mr. Justice Breese delivered the opinion of the Court:

As we understand this case, as presented by the record, it is nothing more or less than an attempt to recover back money paid as usurious interest on a promissory note. The note was made in 1859.

This court decided, since the passage of the act of 1857 (Scates' Comp. 600), that it was manifest the legislature had no intention to give a cause of action to the person who has paid usury and fails to make the defense when sued for the debt upon which usury has been paid or agreed to be paid, and if a party voluntarily pays the principal sum due and the usury agreed to be paid on it, that is an end of the matter so far as this statute is concerned. It was manifest it was the intention of the legislature to furnish a shield for defense, not a weapon for attack, by the passage of this act. *Hadden* v. *Innes*, 24 Ill. 381; *Tompkins* v. *Hill*, 28 id. 519.

In *Perkins* v. *Conant* (28 id. 185), we held the same rule applied to involuntary payments or forced collections.

There was no error in excluding the affidavit of Marshall. It was not evidence in the cause, was *ex parte*, and amounted to no more than hearsay evidence.

There being no error in the record, the judgment is affirmed.

*Judgment affirmed.*