## LOUIS REINBACK

*v.*

## JOHN C. CRABTREE *et al.*

1. INSTRUCTION—*must be applicable to the evidence.* The court should refuse an instruction where there is no evidence to which it is applicable. Where the defense of usury is set up, and there is no evidence that the interest received beyond ten per cent was in the nature of a penalty, an instruction based upon that view of the case, should be refused.

2. SAME—*modification not prejudicial.* The modification of an instruction, which can not prejudice the rights of the party asking the same, presents no ground for reversal.

3. SAME—*not necessary to state exceptions not proved.* If an instruction is a correct expression of the law upon a state of fact proved, or which the evidence tends to prove, it is sufficient, and it is not necessary to state exceptions which would be proper under a state of facts of which there is no evidence.

4. USURY—*all payments of, may be applied on the principal.* Where a party contracts for and receives a greater rate of interest than is allowed by statute, he can not recover any interest whatever on the principal, and all payments made of such interest may be allowed as payments of the principal in a suit to recover the balance due.

5. Although usurious interest once paid can not be recovered back, yet the rule does not apply where the transaction has not been settled, and the lender brings his action for the recovery of an alleged balance. In such case, the borrower may defend by claiming a credit for whatever usurious interest he has paid in the same transaction.

6. SAME—*evidence of usurious contract.* The taking of usurious interest is *prima facie* evidence of an usurious contract; and whether a contract is usurious or not, is a question of fact, to be determined by the jury from the entire evidence.

7. VARIANCE—*as to time of making contract.* Where pleas of usury allege that the usurious contract was made at a particular time, it is not necessary to prove that the contract was made at the time alleged. A variance in this respect is immaterial.

8. LEGAL TENDER—*interest payable in gold.* An obligation for the payment of ten per cent interest in gold may be lawfully discharged, dollar for dollar, in any currency which the general government has declared to be a legal tender in the payment of debts. Therefore, any excess in interest beyond the rate allowed by law, will not be relieved of the objection of usury on account of the contract being to pay in gold, and the payment being made in currency.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

This was an action of assumpsit, brought by Louis Reinback against John C. Crabtree and Abram C. Woods, upon a promissory note.

Mr. E. M. SANFORD, for the appellant.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was an action of assumpsit, brought to recover the amount due on a certain promissory note. The defense was, that the principal in the note had paid thereon usurious interest to the plaintiff to an amount exceeding the balance due on the note, and that it was thereby fully paid.

The finding of the jury and the judgment of the court were in favor of the defendants.

The several objections urged as grounds for the reversal of the judgment, will be briefly noticed, in the order in which they are presented in the plaintiff's printed argument.

The fifth instruction, as asked by the plaintiff, was as follows: "The court instructs the jury, for the plaintiff, that where a greater rate of interest than the legal rate of interest is paid upon a promissory note, (calling for ten per cent interest,) under an agreement to pay a greater rate of interest than the legal rate of interest after the note becomes due, as a penalty for default of payment, it does not taint the transaction with usury; and in determining the question of usury in this case, the intention of the parties, at the time of the agreement, should govern, if the jury believe there was such an agreement." The court struck out the words, " if the jury believe there was such an agreement," and added, "as to the question whether any excess that has been proven to have been contracted for, over ten per cent, was usury or a penalty."

The court should have refused this instruction altogether, for the reason there is not a particle of evidence in the record to which it is applicable. Plaintiff, in giving his evidence, did not pretend that the interest he received beyond ten per cent was in the nature of a penalty. His claim was, that he was to have what he termed " gold interest," by which we understand him to mean an amount of currency, according to the current quotations of gold, equal in value to the number of as many dollars and cents of gold as the interest would amount to at ten per cent per annum; that he received, in payment of interest, certain promissory notes, upon which he was allowed a discount, and that he also received interest on some interest past due. There is no other witness who disputes the defendant Crabtree's claim that he paid sixteen per cent interest pursuant to a precedent agreement to that effect.

But the plaintiff was not prejudiced by the instruction, and can not, therefore, have the benefit of this objection.

We can not discover that the modification of the court was such as to prejudice the plaintiff. The sole purpose of the instruction was, to explain to the jury that, if the parties designed the additional interest as a penalty, to secure the prompt and faithful performance of the contract merely, it was not obnoxious to the charge of usury; and that this was to be determined from their agreement. It, necessarily, proceeded upon the hypothesis that there was some agreement in that respect, for otherwise the instruction was unnecessary, whether given as modified, or as asked.

In the plaintiff's first instruction, the jury were distinctly and emphatically told that, before they could find for the defendants, "they must believe, from a preponderance of the evidence in the case, there was a contract to pay usurious interest," etc., as set up in the pleas; and in the second, third and fourth of his instructions, they were, in effect, told if they found the agreement with regard to interest to be as plaintiff's evidence tended to prove it, it was not usurious.

In view of these instructions, we can not readily be induced to believe it was indispensable for the correct comprehension of the jury, that they should be told, in the fifth instruction, that, before passing on the issue there contemplated, they must determine there was an agreement presenting that issue.

The following, being the first in the series of instructions given at the instance of the defendants, is also claimed to be erroneous:

"The court instructs the jury, for the defendants, that, under the issues in the case, if they believe from the testimony that the defendant Crabtree borrowed of the plaintiff $450, on or about the 1st of January, 1858, for which Crabtree gave the note sued on, with defendant Woods, the said Woods being, in fact, only security on said note, and that, at the time the money was borrowed, the plaintiff and defend-

ant Crabtree agreed that Crabtree should pay, beside the interest mentioned in the note, interest at the rate of six per cent per annum, in addition, then said additional interest was and is usury, and against the statute of the State. And if, from the testimony in the case, the jury believe that Crabtree has paid interest on said note at the rate of sixteen per cent per annum, then, under the law in this State, the plaintiff can not recover any interest whatever on the principal of the said note, and whatever payments the evidence in this case may show the defendant has paid on said note as interest, must be allowed on the principal of the said note. And if the sum actually paid, according to the evidence, amounts to more than the sum of $450, then the defendants are entitled to a verdict in this case."

The grounds of objection insisted on are: 1st, It would not be usury to charge interest in excess of ten per cent, unless by the contract it was to be paid on the note in suit, and not even then. if the obligation to pay it was imposed in the nature of a penalty; and 2d, under a contract to pay interest in gold, it would not be usury to receive an amount of currency equal in value to the amount of the interest in. gold.

We do not understand the instruction as referring to interest on any thing else than the note in suit. and we think it improbable that the jury should have otherwise understood it. Nothing else is referred to in the instruction. No other note or indebtedness from the defendants to the plaintiff was in proof on the trial. and there is nothing but the amount of the note, so far as we can discover, upon which interest was to be, or could have been paid. We have already said. in alluding to the objection to the modification of the plaintiff's fifth instruction, there is not a particle of evidence in the record tending to show that the interest reserved and taken by plaintiff in excess of ten per cent, was in the nature of a penalty, and it was not only unnecessary, but would have

been improper, to have instructed the jury upon a hypothesis not presented by the evidence. If an instruction is a correct expression of the law upon a state of facts proved, or tended to be proved by the evidence before the jury, it is sufficient, and it is not necessary to state exceptions which would be proper under a state of facts which there is no evidence tending to prove.

Neither the Supreme Court of the United States, nor this court, recognizes two legal standards of value. A dollar is a dollar, whether payable in gold or in national currency; and ten per cent interest payable in gold may be lawfully paid, dollar for dollar, in any currency which the general government has declared to be a legal tender in the payment of debts. *Black* v. *Lusk*, 69 Ill. 70; *Whetstone* v. *Colley*, 36 Ill. 328. Any excess, therefore, in interest beyond the rate allowed by law. would not be relieved of the objection of usury on account of the contract under which it was paid having been to pay in gold, and the payment having been made in currency.

The second instruction given at the instance of the defendants, is also objected to, because it states that " if the jury believe, from the evidence, that more than ten per cent interest per annum has been paid by the defendants to the plaintiff, the law presumes that such amount, exceeding ten per cent per annum, if proven. is a payment on the principal of the note, unless explained by the evidence."

We see no grounds upon which the objection can be sustained. It has been held that, "although usurious interest, once paid voluntarily, can not be recovered back, yet that rule does not apply where the transaction has not been settled, and the lender brings his action for the recovery of an alleged balance. In such case the borrower may defend by claiming a credit for whatever usurious interest he has paid in the same transaction." *Saylor et al.* v. *Daniels*, 37 Ill. 331; *Farwell* v. *Mayer et al.* 35 id. 40; *Booker* v. *Anderson et ux.* id. 66. This is, in principle, substantially what is said in the instruc-

tion. Nor is there any obscurity, either in the language of the instruction or by reason of the character of the evidence to which it is applicable, whereby it is apparent a jury might be misled.

Objection was also taken on the ground of a variance between the allegations and proofs, which is insisted on in argument. The supposed variance does not consist in any difference between the contract as set up in the pleas, and as proved by the evidence, but only in the fact that the pleas allege the contract was made at a particular time, while the evidence shows it was made at a different time. This was wholly immaterial. "The statement of the real or precise time is not necessary even in criminal cases, unless it constitutes a material part of the contract." 1 Chitty's Pleadings, (7 Am. Ed.) 287.

The taking of usurious interest is *prima facie* evidence of a usurious contract. 1 Saunders, (Williams' Notes.) p. 295, b. note 1. And whether a contract is usurious or not, is a question of fact, to be determined by the jury from the entire evidence. *McGill et al.* v. *Ware,* 4 Scam. 24.

Although the evidence is conflicting, there is not such a preponderance in favor of the plaintiff as would justify us in declaring the jury erred in giving most credit to that of the defendants.

Believing, therefore, that there is no error of law in the record, of which the plaintiff has cause to complain, and that the finding of the jury on the questions of fact submitted to them can not be disturbed, the judgment must be affirmed.

*Judgment affirmed.*