## QUINN v. BOYNTON.

**Usury :** EFFECT OF PAYMENT.   When money has been paid in discharge of usurious interest, it cannot be recovered by the debtor.

*Appeal from Carroll District Court.*

FRIDAY, MARCH 19.

ACTION in chancery.   There was a decree in the District Court granting relief to plaintiff.   Defendant appeals.   The facts of the case appear in the opinion.

*O. H. Manning* and *J. J. Russell,* for appellant.

*Louis Ruttkay* with *Phillips & Phillips,* for appellee.

BECK, J.—The plaintiff in his petition alleges that in 1869, he and another borrowed of defendant, who resided in the State of Illinois, $3,000, to be repaid in eighteen months, for which they executed their promissory note for $4,200, payable within the time named without interest until maturity— but to draw thereafter ten per centum per annum, and that no other consideration was received for said note.   To secure the payment of this note the makers thereof delivered to defendant warrants of the District Township of Carroll, in the county of Carroll, calling for the sum of $7,500.   Upon these warrants, while so held by him, defendant recovered two judgments, one in the Circuit Court of the United States for the District of Iowa, and the other in the District Court of Carroll county, upon which he has collected a large sum, more than sufficient to pay the amount legally due upon the note given by plaintiff above referred to.   It is alleged that

the note is usurious and illegal; that defendant will, if not restrained, collect the full amount of the judgment upon the warrants recovered by him, and an injunction is prayed for to prohibit further collections by him. It is also prayed that by proper decree the defendant be required to transfer the judgments to plaintiff, that an accounting be had and a judgment rendered against defendant in plaintiff's favor for the amount received by him over and above the amount of the note, excluding usury.

The defendant claims, in his answer, that a part of the warrants, amounting to the sum of $3,550, was purchased by him of plaintiff, who guaranteed their payment, and that to secure this contract of guaranty, the note referred to in the answer was executed, and the other warrants were delivered to defendant under a contract that in default of the performance of the guaranty, they should be sold by defendant at public sale. Under this contract, default in the payment of the warrant first referred to having been made, and plaintiff being in default upon his contract and guaranty, the warrants received as collateral security were sold, or rather the judgments rendered thereon. The defendant denies the allegation and charge of usury, and avers that the transaction is no other or different than as just stated.

We think the evidence overwhelmingly establishes that the transaction was of the character alleged by plaintiff, and that it was usurious. It was cunningly attempted to conceal its character by the ingenious devices resorted to by the parties, but there can be no room for doubt that it was simply the borrowing of money from defendant at a usurious rate of interest, and the warrants of the school district were received by him as security upon the loan. We have the direct and positive evidence of the plaintiff and two witnesses to this effect. The defendant and another witness testify quite as positively in support of their side of the case, but they fail to overcome plaintiff's testimony.

The judgments, or rather the interest in them, claimed to have been sold by defendant under the agreement authorizing him so to do upon default of plaintiffs, were subsequently

acquired again by him, as he admits.   We are well satisfied
that this sale was a mere pretense, an effort of defendant to
put the judgments beyond the reach of plaintiff.   The evi-
dence satisfies us that the sale was fraudulent, and that the
purchaser was acting for and in the interest of defendant.
The bad faith of the transaction is very apparent; defendant
acquired no rights under it.

It is shown that plaintiff has acquired all the interest of the
party who united with him in the transaction, and owned a
part of the warrants, in and to the judgments rendered
thereon, by a proper transfer of his rights growing out of the
whole transaction.

The judgments, or one of them, recovered in the name of
defendant, were rendered upon certain warrants held by
defendant in his own right, and upon which plaintiff at no
time set up any claim, as well as upon other warrants claimed
by plaintiff.

The District Court, by the decree, adjudged the contract to
be usurious, but held that the money received by defendant
USURY:        on the judgments, not being in excess of the amount
effect of
payment.      of the plaintiff's note with usury and lawful inter-
est, must be regarded as payment thereon, and no part could
be recovered back by plaintiff.   This conclusion, we think, is
correct.   Defendant was authorized to apply the proceeds of
the warrants in payment of plaintiff's note.   This is the
effect of the contract as it is claimed by plaintiff and shown
by the evidence.   Regarding this provision of the contract,
it must be conceded that money received by defendant upon
the warrants, or judgments rendered thereon, to the extent of
the sum due by the terms of the note was, in fact, payment.
Money paid in discharge of usurious interest cannot be recov-
ered by the debtor.   *Nicholls v. Skeel*, 12 Iowa, 300.

The plaintiff insists that the decree of the District Court is
based upon an erroneous estimate of the interest held by
defendants, in his own right, in the judgments rendered upon
the warrants.   It will be remembered that a part of these war-
rants are not claimed by plaintiff to have been at any time his
property, but are admitted to have been acquired by defend-

ant in transactions not involved in this suit. The plaintiff insists that the decree does not require the transfer to him of an interest in the judgments equal to the amount actually due him. This objection rests upon a matter of computation. We have with care estimated the interest of each party in the judgment, and are satisfied that the decree is substantially correct in the particulars under consideration. It will there- fore, be affirmed in all its provisions.

AFFIRMED.