JOSEPH B. QUINN

v.

SAFFORD W. RAWSON.

</div>

1. EVIDENCE—EX PARTE AFFIDAVITS.—An affidavit of a person not a party to the record, cannot be read as evidence on the trial of the cause unless by consent. It is but the statement of a third party, and the fact that it is a part of the files in the case, does not change its character nor make it competent evidence.

2. FALSUS IN UNO, FALSUS IN OMNIBUS.—An instruction that if the jury find that a witness has sworn falsely as to any material fact they are at liberty to disregard his whole testimony, except where corroborated by other competent evidence, is erroneous. The rule depends upon the motive of the witness in making such statement. It is essential that the witness should have knowingly or willfully sworn falsely.

Quinn v. Rawson.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding. Opinion filed February 4, 1880. '

Mr. T. L. HUMPHREYVILLE and Mr. M. S. BOWEN, for appellant; that the jury had no right to disregard the testimony of witnesses for appellant, cited Evans v. George, 80 Ill. 51.

Mr. CHESTER KINNEY, for appellee; that preponderance does not depend altogether upon the number of witnesses, cited Gowen v. Kehoe, 71 Ill. 66.

The jury are sole judges of the weight of testimony: Andreas v. Ketcham, 77 Ill. 377.

The instruction is correct: Otmer v. The People, 76 Ill. 149.

WILSON, J. This was a suit brought by appellee against appellant to recover for professional services, claimed by him to have been performed as attorney for appellant. A trial was had before a jury, resulting in a verdict for appellee, with damages assessed at $500, for which sum he had judgment.

On the trial in the court below, the plaintiff offered in evidence an affidavit made by Thomas L. Humphreyville in support of a motion to set aside a judgment previously entered in the case. The evidence was admitted by the court against the defendant's objection, and exceptions were duly taken. The evidence was inadmissible. An affidavit of a person not a party to the record cannot be read as evidence on the trial of the cause unless by consent. It is but the statement 'of a third party, and the fact that it is a part of the files in the case does not change its character nor make it competent as evidence. Manny et al. v. Stockton, 34 Ill. 306.

The first instruction given by the court on the part of plaintiff was as follows: "The court instructs the jury on the part of the plaintiff that if you believe from the evidence that any one of the witnesses herein has sworn falsely as to any material fact in controversy, then you have the right to disregard the evidence of such witness entirely, except wherein such witness may be corroborated by other competent evidence."

This instruction was erroneous. The Supreme Court of this State, as well as this court, have repeatedly declared similar instructions to be improper. It does not follow that because a witness makes an untrue statement his entire testimony is to be disregarded unless corroborated. This depends on the motive of the witness. If he intentionally swears falsely as to one matter, the jury may properly reject his entire testimony as unworthy of credit, unless he is corroborated. But if he makes a false statement through misapprehension or mistake, he ought not thereby to be discredited altogether. The instruction omitted the essential element that the witness must have knowingly or willfully sworn falsely before they were liable to be discredited for a misstatement. Brennan v. The People, 15 Ill. 512; City of Chicago v. Smith, 48 Ill. 107; Pollard v. The People, 69 Ill. 148.

For the errors of the court in admitting the affidavit, and in giving the plaintiff's first instruction, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.