MICHAEL KELLEY

v.

DAVID WILSON.

21  141
42  627

*Personal Injury—Action for Damages—Verdict, Sustained by Evidence
—Instructions.*

In an action by a coal miner to recover damages for a personal injury caused
by the falling of a rock from the roof of the defendant's mine, it is *held:*
That the evidence is sufficient to sustain the verdict in favor of the plaintiff;
that an instruction to the effect that if the jury believed any witness
had willfully testified falsely they might disregard his testimony except in so
far as corroborated by other " competent " evidence, is not specially objec-
tionable; and that the court properly refused to give certain instructions
asked by the defendant, the point therein contained being fully covered by
the instructions given.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of Vermilion County; the
Hon. J. W. WILKIN, Judge, presiding.

Messrs. DAVIS & MANN, for appellant.

Messrs. F. BOOKWALTER and H. P. BLACKBURN, for appellee.

WALL J.   The appellee was a coal miner, and was at work
in the mine of appellant.

While passing through an entry going to the room where
his work was, a heavy piece of rock fell upon him from the
roof inflicting serious injury  for which he recovered a ver-
dict and judgment for $1,500.

It is not contended the damages are excessive, but that upon
the facts there is no liability and that the court erred in
giving, modifying and refusing instructions.

After thoroughly considering this evidence as presented in
the abstract, we are unable to say that it does not warrant the
jury in the conclusion that the defendant was guilty of negli-
gence, and that the plaintiff exercised due care.   It appears

the roof was known by defendant to be unsafe, and no effort was made to prop it with timbers; that on the morning of the accident Henry, the pit boss, whose duties were those of a general superintendent, discovered the dangerous condition at the point in question and tried to remove the loose piece of rock, but being unable to do so passed on to the air shaft and went to the surface that way. He says he wanted to find the men whose business it was to clear away such rubbish, and that the entry was so obstructed by what had fallen that any careful man must have noticed it, and so being warned of the danger, could easily have avoided it. At any rate he gave no notice of it but left it so, and the plaintiff coming along shortly after, was hurt. It was proved that Henry knew of the dangerous condition at this point before. The plaintiff says that, though he knew the general nature of the roof and that there were no timbers in the entry, he did not know that this piece of rock was loose, nor that there was any special danger at that place; that he had his lamp in his cap, was giving no particular attention to the roof, carrying his tools and his dinner pail in his hands, when, without any warning, the rock fell upon him. He distinctly says there was no rubbish or other obstructions in the entry.

It is clear that superintendent Henry knew the danger to which any one coming that way would be exposed, and it is a fair question of fact whether the indications of danger were so patent as to justify him in leaving no other warning. The testimony is conflicting as to this, and we can not say the jury were without warrant in their conclusion, nor can we say that the plaintiff did not use ordinary and reasonable care under the circumstances, for his own protection.

These questions having been determined by the jury upon evidence sufficient to support the finding, we are not disposed to interfere.

It is objected that the court gave the following instruction: " The court instructs the jury that if they believe that any witness who has testified in this case has testified wilfully false to a matter material in the case, that the jury are at liberty to disregard his entire testimony, except so far as he may be corroborated by other competent evidence."

The principle involved here has been apprôved by the Supreme Court repeatedly, and the criticism upon it by counsel is that the word "competent" is used, leaving it for the jury to determine what is competent and what is not. The adjective "credible," is often used in such instructions, sometimes the term "unobjectionable" and sometimes "unimpeached." Crabtree v. Hagenbaugh, 25 Ill. 233; Yundt v. Hartrunft, 41 Ill. 9; McClure v. Williams, 65 Ill. 390; Rider v. The People, 110 Ill. 11; Quinn v. Rawson, 5 Ill. App. 130. "Competent," as here used, would no doubt be understood to signify "sufficient" or "adequate," which are among its primary meanings and would refer rather to the effect than the legal quality of the evidence.

We think the instruction should not be condemned on this ground. It is urged it must have been directed at the witness Henry, and that there was no sufficient evidence upon which to base it. Henry was flatly contradicted on a material point, and it may be that if his version was not correct, he was only mistaken, his memory being at fault, or it may be he wilfully misrepresented the fact. Mere contradiction will not impeach. There must be wilful false swearing upon a point material to the issue. While it is through the medium of contradiction that the conclusion may arise that there was intentional untruth yet in general the conclusion rests mainly upon other circumstances. Regarding the testimony in this case we hold there was enough to justify the giving of the instruction.

It is urged that the court erred in modifying two instructions asked by defendant and in giving them as modified. We think no substantial or important change was produced by the modification in either instance.

It is further insisted the court erred in refusing two instructions asked by defendant upon the question of the care which was required of the plaintiff. We think the law on this subject was fully and fairly presented in other instructions.

Counsel especially urge that the second refused instruction was faultless.

Assuming it was, the point was as well made for all practical purposes in the others, which called the attention of the jury to the special matters wherein the exercise of care was

needed, and suggested in plain terms the supposed matters wherein, from the standpoint of·defendant and upon his theory of the case, might be found the proof of plaintiff's contributory negligence.

It is not to be supposed the verdict would have been different if these instructions had been given, and as the point contained in them is found in those given, their refusal is not error. No other objections are made in the argument for appellant.

The judgment will be affirmed.

*Affirmed.*