## H. M. BLAIN v. H. B. WILLSON.

[FILED JUNE 30, 1891.]

**Usury:** CANNOT BE RECOVERED BACK AFTER PAYMENT. Where a debtor has paid a note tainted with usury, he cannot maintain an action to recover the usurious interest.

ERROR to the district court for Hall county. Tried below before HARRISON, J.

*O. A. Abbott*, for plaintiff in error:

The holding in *N. E. Mtge. Co. v. Aughe*, 12 Neb., 504, is a mere *dictum* and is contrary to the better rule as held elsewhere. (*Porter v. Mount*, 3 Am. Law Reg. [N. S.], 493; *Wheaton v. Hibbard*, 20 Johns. [N. Y.], 291; *Schroeppel v. Corniny*, 6 N. Y., 107; *Tiffany v. Boatman's Savings Inst.*, 18 Wall. [U. S.], 375; 3 Parsons, Cont. [1866 Ed.], 127, and notes.) Especially if the payment is involuntary, it may be recovered back. (*Darst v. Brockway*, 11 O., 463; *Woodworth v. Huntoon*, 40 Ill., 131.)

*Thompson Bros.*, and *Horth & Ryan, contra*, cited: *Richards v. Kountze*, 4 Neb., 206, and cases; *New Eng. Mort. Sec. Co. v. Aughe*, 12 Id., 504; *Philips v. Gephart*, 5 N. W. Rep. [Ia.], 683; *Sesterhen v. Sesterhen*, 60 Ia., 304.

Norval, J.

The sole question in this case is: Can the maker of a promissory note tainted with usury, who has been compelled to pay it to an innocent purchaser, recover of the original payee a sum equal to the amount of the usurious consideration?

The statute relating to usury provides that "If a greater rate of interest than is hereinbefore allowed shall be contracted for or received or reserved, the contract shall not, therefore, be void; but if in any action on such contract proof be made that illegal interest has been directly or indirectly contracted for, or taken, or reserved, the plaintiff shall only recover the principal, without interest, and the defendant shall recover costs; and if interest shall have been paid thereon, judgment shall be for the principal, deducting interest paid;" etc.

It will be observed that the statute does not provide that, where the borrower has paid usurious interest, he may recover it back in a separate action, but the legislature has in effect said that in an action to enforce a usurious contract, only the principal sum shall be recovered; that the plaintiff forfeits all interest when usury is proven. The meaning of the statute is that the plea of usury can only be set up in a suit upon the usurious contract. The borrower can refuse to pay, and when action is brought against him, he can plead his defense. He cannot pay the usurious interest and then turn around and recover it back. (*New England Mtg. Security Co. v. Aughe*, 12 Neb., 504; *Latham v. Bldg. Ass'n*, 77 N. Car., 145; *Woolfolk v. Bird*, 22 Minn., 341; *Quinn v. Boynton*, 40 Ia., 304; *Philips v. Gephart*, 53 Id., 396; *Ransom v. Hays*, 39 Mo., 448; *Rutherford v. Williams*, 42 Id., 18; *Spurlin v. Millikin*, 16 La. Ann., 217; *Dickerson v. Bldg. Ass'n*, 89 N. Car., 37; *Hadden v. Innes*, 24 Ill., 381; *Perkins v. Conant,*

29 Id., 184; *Manny v. Stockton*, 34 Id., 306; *Ramsey v. Perley*, Id., 504; *Nicholls v. Skeel*, 12 Ia., 300; *Reiback v. Crabtree*, 77 Ill., 182.)

In *New England Mtg. Security Co. v. Aughe, supra*, it was said that "if usury has been paid, and the entire amount of the principal, no action will lie to recover it back. It is not, therefore, an independent cause of action that can be retained after the dismissal of the principal case. It is properly a defense to be set up in an action on the contract."

The meaning of the statute is that the payment of the usurious interest, together with the whole of the principal, should constitute a settlement. If such payment does not, then it would unsettle business transactions. If, however, the contract or note be only partially settled, then the defense of usury could be made.

The statute of Illinois provides that "If any person * * * shall contract to receive a greater rate of interest than ten per cent upon any contract, verbal or written, such person * * * shall forfeit the whole of said interest so contracted to be received, and shall be entitled to recover the principal sum due such person." In construing this statute, the court, in *Hadden v. Innes, supra,* say: "It is manifest that the legislature had no intention of giving a cause of action to the person who has paid usury, and fails to make the defense when sued for the debt upon which the usury has been paid or agreed to be paid. If he voluntarily pays the sum due and the usury agreed to be paid upon it, that is an end of the matter, so far as this statute is concerned. Suppose the party sued upon a usurious note, fails to make the defense authorized by statute, but suffers judgment to go against him for the principal and the usurious interest, and pays it, the statute gives him no right to recover back the interest thus paid, and he can have no greater right when he pays it voluntarily. It was manifest that it was only the intention of

the legislature to furnish a shield for defense and not a weapon for attack by the passage of this act, and that defense should be made in a legitimate way, according to the well settled rules of pleading." And the same court, in *Perkins v. Conants*, 29 Ill, 184, held that the same rule applies to involuntary payments or forced collections.

While the courts of most of the states hold that where usurious interest has been paid it may be recovered, it will be found that the cases in which such holdings have been made arose under statutes which either expressly state or clearly imply that an action may be brought by the borrower to recover usurious interest paid. It is obvious that decisions under statutes materially different from ours, are wholly inapplicable to the case now before the court.

It is conceded by counsel for plaintiff that if a recovery of usury can be had in this case, it must be under the common law. Usury is a creature of the statute, and it prescribes the remedy, and that is by pleading it as a defense in an action upon the usurious contract. Where a statute gives a right that did not before exist and prescribes a remedy for the enforcement of the same, that remedy is exclusive. If the legislature had intended that usurious interest, voluntarily or involuntarily paid, should be collected, it would have so provided.

It is said that where a note without consideration, or where the consideration has failed, has been transferred to an innocent holder for value before maturity, and the maker has been compelled to pay the note to such holder, the money may be recovered back by the maker from the original payee. Granted; but the right to recover in such case does not in any manner depend upon any provision of statute, but is conferred by the principles of the common law; while a contract to pay interest in excess of the legal rate is made usurious by statute, which also prescribes the remedy. Clearly the two cases are not alike, and are not governed by the same rule.

The maker of a negotiable note puts it in the power of the payee to transfer the note to an innocent purchaser before due, and thereby cut off the defense of usury. If the note has been transferred, the maker is without remedy, simply because the legislature has provided none.

It follows from the views above expressed that the district court did not err in sustaining the demurrer to the petition. The judgment is

· Affirmed.

The other judges concur.