## CHRISTIAN HANSON *vs.* CUMMINGS STATE BANK.

Opinion filed November 19th, 1896.

**Action to Recover Usury.**

> Under Ch. 184, Laws 1890, no action can be maintained against the original owner of a usurious promissory note by the maker to recover the amount thereof, unless such original owner transfers or parts with such note before maturity, without giving the purchaser notice of its usurious character.

Appeal from District Court, Traill County; *Templeton*, J.

Action by Christian Hanson against the Cummings State Bank. From an order sustaining a demurrer, plaintiff appeals. Affirmed.

*B. E. Ingwaldson*, for appellant.

*Cochrane & Feetham*, for respondent.

BARTHOLOMEW, J. On June 5, 1893, the plaintiff and appellant executed and delivered to the defendant and respondent a certain promissory note due on the 1st of November, 1893. The note was paid. Subsequently this action was brought to recover the original sum for which the note was given, with interest from the date of the note. A demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action was sustained, and this appeal is from such order.

At the time of the execution of the note, Ch. 184, Session Laws, 1890, was in force. The allegations of the complaint show that the note was usurious, under § 3 of that act, the interest reserved being more than 12 per cent. per annum. Sections 5 and 6 of that act provide that in all cases where the original owner of any usurious promissory note shall sell or part with the same before the maturity thereof, the maker may at once bring an action against such original owner, and recover the full amount of such note, and the usurious interest thereon up to the date of the maturity of such note; and in such action it is not necessary to allege or prove payment of such note. The statute proceeds upon the theory that by the transfer of the note before maturity the maker becomes liable to the purchaser for the full amount of the note, and will be obliged to pay it at maturity; whereas, had it remained in the hands of the original owner, he had an absolute defense under the statute against the note, and the whole thereof. Therefore the maker is given this right of action against the original owner so that he may not, by the transfer, be deprived of his rights under the statute. But he is given such right of action only in case of a transfer as aforesaid. Section 7 of the act—and this is a section upon which plaintiff bases his right of recovery—creates another class of usurious notes, not in any manner covered by the preceding section. It provides that when any broker, loan agent, or other person charges a fee or compensation for procuring a loan of money, or an extension of time upon an existing loan, and such fee or compensation, added to the interest reserved in the note, exceeds 12 per cent. per annum, then the note is declared usurious, within the meaning of the act, and void from the beginning in the hands of the original owner, and the maker is given the same remedy in law against the original owner that is provided for in the preceding sections of the act. In our judgment, there is an unassailable ground upon which the demurrer must be sustained. The note did not come within the provisions of § 7, but of § 3. There was no broker or loan agent known in the transaction. The contract was

made 'between plaintiff and defendant direct. The money reserved was for interest, and did not represent any fee or compensation for obtaining the loan. But, were it otherwise, the result would not be different. Sections 5 and 6 give a right of action against the original owner only in case of a transfer. Section 7 gives a right of action under the same circumstances, and no other. There was no transfer in this case. None is claimed. Hence there was no right of action under the statute. Nor can the complaint be sustained as a common law claim for usurious interest paid. Whether or not usurious interest, voluntarily paid, can be recovered in the absence of express statutory authority, is a point upon which the decisions are far from unanimous. Some courts declare that usurious interest is never voluntarily paid; that the law conclusively presumes that it was paid under stress of necessity, or under coercion, and hence that it may be recovered back in the action for money had and received. The cases may be found in 27 Am. and Eng. Enc. Law, 959, note 4. But this doctrine is denied in other cases, and it is declared that usurious interest voluntarily paid cannot be recovered in the absence of statute authorizing such recovery. *Perkins* v. *Conant*, 29 Ill. 184; *Manny* v. *Stockton*, 34 Ill. 306; *Reinback* v. *Crabtree*, 77 Ill. 182; *Anderson* v. *Bank*, (Minn.) 54 N. W. Rep. 1062; *Cornell* v. *Smith*, 27 Minn. 132, 5 N. W. Rep. 460; *Blain* v. *Willson*, 32 Neb. 302, 49 N. W. Rep. 224; *Quinn* v. *Boynton*, 40 Iowa, 304. But we express no opinion on that point in this case, as we think the allegations of the complaint cannot fairly be construed into a claim to recover only usurious interest paid, as for money had and received. The action is brought under the statute, and is not based upon money paid. It is based upon the fact that a usurious promissory note was given. As we have seen, that fact alone constitutes no cause of action. Plaintiff drew his complaint, and argued it upon the theory that the law imposes upon one who receives a usurious promissory note an arbitrary penalty equal to the face of the note and the interest; and then, to show that the payment of the note does

not at common law destroy the right to recover this penalty, he cites some of the cases which hold that usurious interest paid may be recovered. But he nowhere claims, even in his brief, that he is seeking to recover under his complaint, or can recover simply the usurious interest. It is clear that no such point was presented to the trial court.

Affirmed. All concur.