JOHN J. CARMODY, APPELLANT, V. L. L. CORYELL OIL
COMPANY, APPELLEE.

276 N. W. 383

FILED DECEMBER 15, 1937. No. 30139.

*Burbank & Burbank*, for appellant.

*Richard B. Travis* and *Tunison & Joyner*, contra.

Heard before GOSS, C. J., ROSE, DAY, PAINE, CARTER and MESSMORE, JJ., and ELDRED, District Judge.

CARTER, J.

Plaintiff commenced this action against the L. L. Coryell Oil Company to recover the difference in the amount of wages paid him as an employee in 1933 and 1934, and the amount he was entitled to receive under the President's Reemployment Agreement and the Code of Fair Competition for the petroleum industry promulgated under the National Industrial Recovery Act of June 16, 1933. Plaintiff also sues on the assigned claims of 29 other employees who were similarly situated. The trial court sustained an objection to the introduction of any evidence on the ground that the court was without jurisdiction of the subject-matter and dismissed the action. Plaintiff's motion for a new trial was overruled and this appeal taken therefrom.

The record discloses that on June 16, 1933, the National Industrial Recovery Act went into effect. On August 19, 1933, the Code of Fair Competition for the petroleum industry was approved by the president and went into effect on that date. The Coryell Oil Company subsequently complied with the petroleum Code. On May 27, 1935, the United States supreme court, in the case of *A. L. A. Schechter Poultry Corporation v. United States,* 295 U. S. 495, 79 L. Ed. 1570, declared the National Industrial Recovery Act to be in violation of the Constitution of the United States and consequently void. It is the contention of plaintiff that, as defendant complied with the National Industrial Recovery Act and the Code promulgated thereunder, defendant has waived his right to question the constitutionality of the act.

Plaintiff cannot recover in this action for another reason. It is a settled rule of law that, where a statute creates a new offense and denounces the penalty, or gives a new right and declares the remedy, the punishment or the remedy can be only that which the statute prescribes. *D. R. Wilder Mfg. Co. v. Corn Products Refining Co.,* 236 U. S. 165, 59 L. Ed. 520, Ann. Cas. 1916A, 118; *Blain v. Willson,* 32 Neb. 302, 49 N. W. 224; *Heist v.*

*Jacoby,* 71 Neb. 395, 98 N. W. 1058.

The act itself provides in part as follows: "The several district courts of the United States are hereby invested with jurisdiction to prevent and restrain violations of any Code of fair competition approved under this title; and it shall be the duty of the several district attorneys of the United States, in their respective districts, under the direction of the attorney general, to institute proceedings in equity to prevent and restrain such violations." 48 U. S. St. at Large, 195, ch. 90, sec. 3 (c). The act also provides: "When a Code of fair competition has been approved or prescribed by the president under this title, any violation of any provision thereof in any transaction in or affecting interstate or foreign commerce shall be a misdemeanor and upon conviction thereof an offender shall be fined not more than $500 for each offense, and each day such violation continues shall be deemed a separate offense." 48 U. S. St. at Large, 195, ch. 90, sec. 3 (f).

There is no provision in the act, nor does it authorize a provision to be placed in any Code, giving the right to any private individual to commence an action to compel obedience to the act or any Code promulgated under it. See *D. R. Wilder Mfg. Co. v. Corn Products Refining Co., supra.*

In *Purvis v. Bazemore,* 5 Fed. Supp. 230, the court in dealing with the same clause said: "This clause, in my opinion, contemplates that actions to restrain violations of the National Industrial Recovery Act should be brought by the United States acting through its district attorneys and not by any individual members of an industry, and the district attorney is not movant here, but persons engaged in the same industry are complainants, and I do not believe they have any standing in court to ask for an injunction under the National Industrial Recovery Act."

In *Progressive Miners of America Local Union No. 109 v. Peabody Coal Co.,* 7 Fed. Supp. 340, the court in discussing the same clause of the act said: "The rule is

that, where a statute gives a new right and declares the remedy, any one seeking or relying on the right so given is confined for his remedy to that which is prescribed in the statute. 1 C. J. 988-990; *Globe Newspaper Co. v. Walker*, 210 U. S. 356, 28 Sup. Ct. Rep. 726, 52 L. Ed. 1096; *French v. Willer*, 126 Ill. 611, 18 N. E. 811, 2 L. R. A. 717, 9 Am. St. Rep. 651; *D. R. Wilder Mfg. Co. v. Corn Products Refining Co.*, 236 U. S. 165, 35 Sup. Ct. Rep. 398, 59 L. Ed. 520, Ann. Cas. 1916A, 118. The same rule would apply to a new right given by a Code which, as here, has the force of law, where the Code specifically declares the remedy. That it should apply to a Code such as we have here seems apparent."

Also, in the case of *National Foundry Co. v. Alabama Pipe Co.*, 7 Fed. Supp. 821, in discussing the same point the court said: "Clearly, neither of these sections authorizes any individual, firm, or corporation to sue at law or indeed in equity, for damages resulting from Code violations, or to petition for an injunction to prevent and restrain such violations. Since there is no such provision in the act, it must be concluded that it was not the intention of congress to permit any such multiplicity of suits as would arise from the bringing of actions by private parties."

Other cases sustaining our position that the district court was without jurisdiction of the subject-matter are: *Bookbinders' Trade Ass'n v. Book Manufacturers' Institute,* 7 Fed. Supp. 847; *Stanley v. Peabody Coal Co.*, 5 Fed. Supp. 612; *Harper v. Southern Coal & Coke Co.*, 73 Fed. (2d) 792.

It having been determined that the district court did not have jurisdiction of the subject-matter of the action, it is not necessary for us to pass on other questions raised in the briefs. The trial court properly dismissed the action.

AFFIRMED.