(No. 16057.—Judgment affirmed.)

THE ARNOLD & MURDOCK COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(WALTER JACOBS, Defendant in Error.)

*Opinion filed October 28, 1924—Rehearing denied Dec. 5, 1924.*

1. STATUTES—*when statutes may be repealed or amended.* No one has a vested right in a public law and the legislature may repeal or amend all legislative acts not in the nature of contracts or private grants, but such repeal or amendment cannot have the effect of extinguishing rights already acquired under the law.

2. SAME—*retroactive statute cannot affect judgment already obtained.* The legislature may adopt valid acts affecting practice and procedure where no vested right has accrued, but a judgment is a vested right of property and cannot be destroyed or diminished by a retroactive statute.

3. SAME—*when statute may be given retroactive effect.* A statute can be given a retroactive effect only where it does not impair contracts or divest a vested right.

4. SAME—*when a right is vested.* A right is vested when its enjoyment, present or prospective, has become the property of a particular person as a present interest.

5. WORKMEN'S COMPENSATION—*amendment of 1921 cannot be applied to diminish prior award for complete disability.* The amendment of 1921 to paragraph (*f*) of section 8 of the Compensation law cannot be applied to diminish or modify a prior award for complete disability even though the employee has subsequently become able to earn regular wages at certain kinds of work, as the award, having been made and confirmed by final judgment prior to the amendment, becomes a vested right, which cannot be taken away by amendment of the statute.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.

GALLAGHER, KOHLSAAT, RINAKER & WILKINSON, for plaintiff in error.

EDWARD McTIERNAN, and CHARLES W. LAMBORN, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This court granted the application of the Arnold & Murdock Company for a writ of error to review a judgment of the superior court of Cook county affirming an order and decision of the Industrial Commission dismissing a petition of plaintiff in error to review an award previously made to its employee, Walter Jacobs, on the ground that the disability for which the award was made had diminished or ended.

Jacobs was accidentally injured while in the employ of plaintiff in error, and in March, 1915, filed claim for compensation. A hearing was had and an award made in February, 1916. The applicant was awarded $6.90 per week from June 11, 1914, to October 27, 1915, for total disability; from October 27, 1915, to January 5, 1916, $3.40 per week for partial disability; and from January 5, 1916, he was awarded compensation of $6.90 per week until the total payments equaled $2870.40, and a pension for life of $19.13 per month, payment of which was to begin when the above total had been paid. The award was confirmed by the circuit court of Cook county, and the decision of that court was affirmed by this court in February, 1917. (*Arnold & Murdock Co.* v. *Industrial Board,* 277 Ill. 295.) March 15, 1917, plaintiff in error filed a petition under paragraph (*h*) of section 19 of the Workmen's Compensation act, alleging the disability had decreased or ended and praying that the award be decreased. A hearing was had on that petition,

and the Industrial Commission dismissed it on the ground that the disability had not decreased or ended.   The petition in the present case, alleging the disability had decreased or ended, was filed May 3; 1922, under what is now paragraph (*f*) of section 8 as amended in 1921, and the question presented is whether the amendment of 1921 applies to this case.

At the time the award was made in this case, paragraph (*f*) of section 8 provided for. an award of compensation in cases of complete disability which rendered the employee wholly and permanently incapable of work and a pension for life of not less than $10 per month.   In 1921 paragraph (*f*) was amended by adding: *"Provided,* any employee who receives an award under this paragraph and afterwards returns to work, or is able to do so, and who earns or is able to earn as much as before the injury, payments under such award shall cease; if such employee returns to work, or is able to do so and earns or is able to earn part but not as much as before the injury, such award shall be modified so as to conform to an award under paragraph (*h*) of this section: *Provided, further,* that disability as enumerated in subdivision 18, paragraph (*e*), of this section shall be considered complete disability."   That amendment applies to all cases where the award is made under paragraph (*f*) of said section, and no limit of time is fixed within which a petition may be filed to modify the award if the employee returns to work or is able to do so, and earns as much or part but not as much as before the injury.   It is not contended that the petition to modify an award made under paragraph (*f*) of section 8 is governed by paragraph (*h*) of section 19, but the contention of defendant in error is that the award here under consideration was made before the 1921 amendment was enacted; that the award was a vested right in the employee, and the amendment was not intended to and could not affect an award made before the amendment went into effect.   At the

time the petition of plaintiff in error was filed, May 3, 1922, the time for payment of the pension in monthly installments had not arrived, as there remained about $30 of the specific award to be paid before the monthly installments of pension were to begin, approximately May 14, 1922.

Defendant in error insists that there is no language in the amendment to indicate it was intended to have a retroactive effect, but that, in any event, the legislature had no power to enact an amendment affecting an award which was final under the law before the amendment was adopted. It is argued that the award was a vested right in the employee of present and future enjoyment, and the legislature could not extinguish it by a subsequent enactment. At the hearing under the petition defendant in error entered a special appearance and challenged the jurisdiction of the commission to determine any issue arising under the petition.

The employee, Walter Jacobs, was called as a witness by plaintiff in error, testified, and was cross-examined by his counsel. He testified that before 1920 he drove a truck for F. Peacock & Son for $29 per week, "the regular union scale;" that he had pains when the weather was changeable, and at night when he worked all day. He quit work for Peacock & Son because he could not stand it. Since quitting that employment he has been employed by his cousin, Charles Cady. At the time of the hearing he was being paid $25 per week. He was not always paid that much by Cady. If it was a good week for his employer the pay was $25; if it was not a good week the pay was $15, or sometimes $10. The average weekly pay was about $15. Jacobs testified there were "only slight occasions when he was not employed." While the evidence shows Jacobs has not completely recovered from his injury, it shows he has been regularly employed and was earning at the time of the hearing an average of $15 per week.

No one has a vested right in a public law, but the legislature may repeal or amend all legislative acts not in the

nature of contracts or private grants. Such repeal or amendment, however, cannot have the effect of extinguishing rights which have been acquired under the law. (*Dobbins* v. *First Nat. Bank,* 112 Ill. 553.) The legislature may adopt valid acts affecting practice and procedure where no vested right has accrued, (*City of Chicago* v. *Industrial Com.* 292 Ill. 409,) but a judgment is a vested right of property and cannot be destroyed or diminished by a retroactive statute. (*Merchants Bank* v. *Ballou,* 98 Va. 112, 81 A. S. R. 715; 6 R. C. L. sec. 307, p. 319.) A statute can only be given a retroactive effect where it does not impair contracts or divest vested rights. *Lane's Appeal,* 57 Conn. 182, 14 A. S. R. 94.

When the award to Jacobs was made and confirmed by final judgment it became a vested right in him. Plaintiff in error does not seek to have a return of any of the installments which went to make up the total of $2870.40 it was adjudged to pay before the payment of the monthly installments on the pension began. It seeks to have that part of the judgment for the payment of the pension modified. We are prohibited by the settled rules of law from applying the enactment of 1921 to this case. Before that enactment had been adopted the award in this case had been confirmed by final judgment and was a vested right. It now appears that Jacobs' injury did not render him permanently incapable of doing some kinds of work and earning something. When the award was made and confirmed by the judgment of the circuit court and this court, it seemed the injury was such that Jacobs was rendered permanently incapable of work and entitled by law to the pension for life. It was adjudged him on that basis, and there was then no statute providing for the modification of the judgment if it should subsequently develop he was not permanently incapable of work. Apparently the possibility that an injured employee who had been given a pension for life might eventually become able to work caused the amend-

ment to be made in 1921. There is no language in the act to indicate it was intended to have a retroactive effect, but it is clear from the settled rules and principles of law, the judgment being a vested right of property in Jacobs before the enactment of 1921, that amendment could not divest him of that right. A right is vested when its enjoyment, present or prospective, has become the property of a particular person as a present interest. *Pearsall* v. *Great Northern Railway Co.* 161 U. S. 646.

The judgment of the superior court is affirmed.

*Judgment affirmed.*