Ella L. Hazzard, Widow of John Fred Hazzard, Deceased, *v.* Paul Alexander.

(*June* 29, 1934.)

LAYTON, C. J., and RICHARDS, J., sitting.

*Howard W. Bramhall* for plaintiff.

*William S. Potter* (of Ward and Gray) for defendant.

Superior Court for Sussex County, No. 13, October Term, 1933.

214

LAYTON, C. J., delivering the opinion of the Court:

The question presented is, whether the enactment of the statute on May 22, 1933 (38 *Del. Laws, c.* 26), deprived the plaintiff of her cause of action, under *Section 4155, Revised Code* 1915, which had accrued to her on April 30, 1932, the date of her husband's death. The right of action existed solely by virtue of *Section* 4155, a variation of Lord Campbell's Act. Prior to this statute, the common law maxim, *actio personalis moritur cum persona,* applied. *Perry v. Philadelphia, B. & W. R. Co.,* 1 *Boyce* (24 *Del.*) 399, 77 *A.* 725. By the statute, if the injured party died, having in his life time brought no suit, a new right of action on behalf of the statutory party, in this case, the widow, arose, based, of course, upon the original tort. *Homiewicz v. Orlowski,* 4 *W. W. Harr.* (34 *Del.*) 66, 143 *A.* 250. Being a statutory right of action, delictual in its nature, the defendant urges that the plaintiff has no vested right or interest therein, and that the Legislature could take away the right of action at any time before final judgment without violating the state or federal constitutions;

and further, that it was the plain intention of the Legislature, not having incorporated in the act a saving clause, to bar all actions for damages against the owner or operator of a motor vehicle for injuries, loss or death, suffered by a gratuitous passenger as a result of ordinary negligences whether such actions had accrued or not.

Prior to the passage of what is now *Section* 4155, *Chapter* 31, *Vol.* 13, *Laws of Delaware,* in 1866, as amended by *Chapter* 210, *Vol.* 22, *Laws of Delaware,* public policy, as established by the common law, decreed that the life of a person could not be made the subject of valuation. The public conscience demanded that this public policy be changed, and that relief be granted in cases where the common law gave no relief. This policy existed and continued until May 22, 1933, when the Legislature for the purpose of correcting abuses and evils originating in the multiplicity of suits growing out of the gratuitous carriage of passengers in automobiles enacted *Chapter* 26, *Vol.* 38, and such legislation is undoubtedly within the constitutional power of the Legislature to enact, *Silver v. Silver,* 280 *U. S.* 117, 50 *S. Ct.* 57, 74 *L. Ed.* 221, 65 *A. L. R.* 939, its effect being to take away the remedy in a certain class of cases. *Wilson v. Head,* 184 *Mass.* 515, 69 *N. E.* 317. The Legislature, before the enactment of the present statute, had attempted to correct the same evils and abuses. By *Chapter* 270, *Vol.* 36, *Laws of Delaware,* the owner or operator of a motor vehicle was "relieved from any liability whatsoever for injuries suffered or sustained by any person while riding with said operator or in said owner's car free of charge." *Section* 1. This statute, not differentiating between ordinary negligence and gross negligence, was held to be unconstitutional in *Coleman v. Rhodes,* 5 *W. W. Harr.* (35 *Del*) 120, 159 *A.* 649, in an opinion handed down on April 11, 1932.

Neither the present statute, nor the prior unconsti-

tutional statute, contain provisions saving accrued or pending rights of action. Neither is there any constitutional provision, as exists in some states, forbidding the enactment of retroactive laws, nor any general statute preserving rights of action accrued or pending under repealed statutes.

■■ We are of the opinion that the right of action under the second paragraph of *Section* 4155 is not such a vested right as may not be divested ·by subsequent legislation operating as a partial repeal of the statute under which the right of action arose.

A vested right is something more than a mere expectation based upon an anticipated continuance of the existing law. 1 *Sutherland, Stat. Cons.*, § 284; 2 *Cooley Const. Lim.* (*8th Ed.*) 749. Regard must be had for the general welfare and public policy; and, a vested right cannot be one which is to be examined, settled and defended, on a distinct and separate consideration of the individual case, but rather on broad and general grounds, which·embrace the welfare of the whole community. 2 *Cooley, supra*, 745.

■ There can be no vested right in a claim for damages for a statutory tort, not connected with or growing out of a contractual relation until judgment. is rendered, for, prior to judgment, the claim is a mere expectancy, or an inchoate right, not assignable, nor liable to attachment, and not a debt. *Carson v. Gore-Meenan Co.* (*D. C.*), 229 *F.* 765.

The rule that a vested right of action is property just as tangible things are, and is protected from arbitrary legislation, applies to those rights of action which spring from contracts or the common law. 2 *Cooley, supra*, 756; *Collins v. East Tenn., etc., R. Co.*, 9 *Heisk.* (*Tenn.*) 841; *Butler v. Palmer*, 1 *Hill* (*N. Y.*) 324; *Krause v. Rarity*, 210 *Cal.* 644, 293 *P.* 62, 77 *A. L. R.* 1327; *Bennet, Adm'r, v. Hargus*, 1 *Neb.* 419.

No one has a vested right in a public law, but the Legislature may repeal or amend all legislative acts not in the nature of contracts or private grants. *Arnold & Murdock Co. v. Industrial Commission*, 314 *Ill.* 251, 145 *N. E.* 342, 40 *A. L. R.* 1470; *Wall v. Chesapeake & O. R. Co.*, 290 *Ill.* 227, 125 *N. E.* 20. As said in *Bailey v. School Dist.*, 108 *Wash.* 612, 185 *P.* 810, 811,

There is "no vested right, prior to judgment, in a policy of legislation which entitled him to insist that the policy be maintained for his benefit;" and the same Court said in *Robinson v. McHugh*, 158 *Wash.* 157, 291 *P.* 330, that where a tort action can be brought only by virtue of a statute, there can be no vested right therein and the Legislature may take away the right at any time. A vested right was defined in *State v. Hackman*, 272 *Mo.* 600, 199 *S. W.* 990, as one which is absolute, complete, and unconditional to the exercise of which no obstacle exists, and which is immediate and perfect in itself and not dependent upon a contingency. See, also, *Wilson v. Head*, 184 *Mass.* 515, 69 *N. E.* 317, *supra; Stone v. Boston & M. R. Co.*, 7 *Gray* (*Mass.*) 539; *Sibley v. Nason*, 196 *Mass.* 125, 81 *N. E.* 887, 12 *L. R. A.* (*N. S.*) 1173, 124 *Am. St. Rep.* 520, 12 *Ann. Cas.* 938.

It is, of course, true that when a right has arisen on a contract, or a transaction in the nature of a contract authorized by a statute, and has been so far perfected that nothing remains to be done by the party asserting such right, it has become a vested right which stands independent of the statute, and will not be affected by a repeal of the statute. 1 *Sutherland, supra,* § 284; *Pacific Mail S. S. Co. v. Joliffe*, 2 *Wall.* 450, 17 *L. Ed.* 805; *Van Inwagen v. Chicago*, 61 *Ill.* 31; *State v. Phalen, et al.*, 3 *Harr.* 441; but that is not the character of the right presented for consideration.

In support of her contention, the plaintiff cites *Gladney*

*v. Sydnor,* 172 *Mo.* 318, 72 *S. W.* 554, 60 *L. R. A.* 880, 95 *Am. St. Rep.* 517; *Lowe v. Harris,* 112 *N. C.* 472, 17 *S. E.* 539, 22 *L. R. A.* 379; *Arnold & Murdock Co. v. Industrial Commission, supra; Pearsall v. Great Northern R. Co.,* 161 *U. S.* 646, 16 *S. Ct.* 705, 40 *L. Ed.* 838; *Case of Shink,* 120 *Me.* 80, 113 *A.* 32; *Oriental Bank v. Freeze,* 18 *Me.* 109, 36 *Am. Dec.* 701, and *Lewis v. Pennsylvania R. Co.,* 220 *Pa.* 317, 69 *A.* 821, 18 *L. R. A.* (*N. S.*) 279, 13 *Ann. Cas.* 1142. The first of these cases is concerned with an undoubted vested right in real property. The second has to do with a statute changing a rule of evidence. The third case holds that a judgment is a vested right protected against subsequent legislation. The ruling in the *Pearsall Case* was that the power to consolidate with other corporations given to a railroad company by its charter was not, while unexecuted, a vested right protected from revocation by the Legislature insofar as it applied to parallel or competing lines. The *Shink Case,* in itself, is of no assistance. It refers, for its authority, to *Case of Gauthier,* 120 *Me.* 73, 113 *A.* 28, which holds that rights and obligations under a Workmen's Compensation Act, became fixed and vested, as the law was elective, and the rights and obligations contractual. The ruling in the *Oriental Bank Case* was that the right to recover a judgment in the nature of a penalty does not become vested until after judgment, the Court distinctly saying,

"When a person, by the existing laws, becomes entitled to recover a judgment, or to have certain real or personal estate applied to pay his debt, he is apt to regard the privilege, which the law affords him, as a vested right, not considering that it has its foundation only in the remedy, which may be changed, and the privilege thereby destroyed."

*Lewis v. Pennsylvania R. Co.* needs to be noticed particularly. There, the plaintiff's husband, a Pullman car conductor, lost his life in an accident on the line of the defendant company. Under the *Act* of 1868 (*P. L.* 58) he was not a passenger. This act was repealed in 1907 (*P. L.*

552) and it was argued that the effect of the repeal was to invest the plaintiff with the right of action she would have had, had the *Act* of 1868 never been passed. The precise ruling was that the plaintiff's right of action was only such as she would have had, had her husband been an employee of the company, and the repealing act would not be construed so as to impose a liability where none existed at the time. In the course of its opinion, the Court said that a right of action was a vested right within the constitutional protection, and that a legal exemption from liability on a particular demand, constituting a complete defense to an action brought, stands upon quite as high ground, citing *Kay v. Pennsylvania R. Co.,* 65 *Pa.* 269, 3 *Am. Rep.* 628, and *Menges v. Dentler,* 33 *Pa.* 495, 75 *Am. Dec.* 616. The right of action with which the *Kay Case* was concerned was a common law right of action. In the *Menges Case,* the Court held that a statute validating a sheriff's deed which had been declared invalid by the Supreme Court was unconstitutional and void, saying that the law of the case at the time when it became complete is an inherent element in it. It is not for us to say that the Pennsylvania Court intended to hold that a purely statutory right of action for a tort is a vested right secured by the constitution against hostile legislation.

 The plaintiff, however, further contends that it is not necessary to determine whether her right of action is such a vested right as may not be taken from her by a subsequent statute, such as the *Act* of 1933, for the reason that this Act must be held to operate prospectively only, as it conveys neither express evidence of the legislative intent that it should operate retroactively, nor is there such a compellable inference to be drawn therefrom, and in support of her contention cites, *Friedmann v. McGowan,* 1 *Penn.* 436, 42 *A.* 723, 724, holding that,

"It is a sound rule of construction that a statute should have a prospective action only, unless its terms plainly show a legislative

intention that it should operate retrospectively," and *Diamond State Iron Co. v. Husbands,* 8 *Del. Ch.* 205, 68 *A.* 240, 245, where it is said, "retrospective legislation, as a rule, is deemed dangerous, and generally reprehensible."

We agree entirely with these principles of construction when directed at a state of facts and circumstances to which they are properly applicable.

This contention of the plaintiff compels a discussion and determination of the effect of the repeal, without a saving clause, of a statute under which a cause of action has arisen.

Long ago, Lord Chief Justice Tindal laid down the rule which has been adopted as the basis of the conclusions of many of the authorities, both text book and decisional. He said, in *Key v. Goodwin,* 4 *Moore & Payne* 341,

"I take the effect of a repealing statute to be, to obliterate it (the statute repealed) as completely from the records of the parliament, as if it had never been passed, and that it must be considered as a law that never existed, except for the purpose of these actions or suits which were commenced, prosecuted and concluded whilst it was an existing law."

1 *Sutherland, supra,* § 282; 25 *R. C. L.* 932; 59 *C. J.* 1185. From which it follows that rights of action depending on a statute and still inchoate, not perfected by final judgment or reduced to possession, are lost by repeal or expiration of the statute, 1 *Sutherland, supra,* § 283; 59 *C. J.* 1188, unless the repealing act contains a saving clause, 1 *Sutherland, supra,* § 282; 25 *R. C. L.* 932; or unless there is a general saving statute. *Merlo v. Johnson City, etc., Co.,* 258 *Ill.* 328, 101 *N. E.* 525; or unless there is a constitutional provision against retroactive legislation which operates as a saving clause. *Denver, etc., Ry. Co. v. Woodward, Adm'r,* 4 *Colo.* 162.

The principle has been applied to rights of action founded on statutes in a great variety of cases; in actions for penalties and forfeitures, 59 *C. J.* 1191; *note to Pritchard v. Savannah, etc., R. Co.,* 14 *L. R. A.* 721; 25 *R. C. L.*

943; to the right to redeem land sold under execution process, *People v. Livingston,* 6 *Wend.* (*N. Y.*) 526; *Butler v. Palmer,* 1 *Hill* (*N. Y.*) 324; to the right of a convict to the surplus proceeds of his labor, *Williams v. Inhabitants of Middlesex County,* 4 *Metc.* (*Mass.*) 76; to the right of the people of a township to sue in trespass for cutting timber on public lands, *Inhabitants of Macnawhoc Plantation v. Thompson, et al.,* 36 *Me.* 365; to the right of Prosecutors to a share of fines imposed for violation of intoxicating liquor statutes, *Cushman v. Hale,* 68 *Vt.* 444, 35 *A.* 382; to the right of creditors to sue shareholders of a corporation for corporate debts, *Coffin v. Rich,* 45 *Me.* 507, 71 *Am. Dec.* 559; to rights of action under statutes imposing liability upon directors of a corporation for defalcations of fellow directors, *Coombes v. Franklin,* 213 *Cal.* 164, 1 *P.* (2*d*) 992, 4 *P.* (2*d*) 157; to rights of action of statutes imposing double liability on shareholders in a corporation, *Globe Pub. Co. v. State Bank,* 41 *Neb.* 175, 59 *N. W.* 683, 27 *L. R. A.* 854; to rights of action under statutes making trustees of a corporation liable for corporate debts upon failure to publish annual reports, *Gregory v. German Bank,* 3 *Colo.* 332, 25 *Am. Rep.* 760; to a right of action under a statute allowing actions for damages against a county, *Cope v. Hampton County,* 42 *S. C.* 17, 19 *S. E.* 1018; to statutory rights of action against a school district, *Bailey v. School Dist.,* 108 *Wash.* 612, 185 *P.* 810; under Workmen's Compensation Act, *Robinson v. McHugh,* 158 *Wash.* 157, 291 *P.* 330; to the right of action given to personal representatives of a deceased person to recover for death resulting from violence, *Bennet, Adm'r, v. Hargus,* 1 *Neb.* 419; to rights of action under Death Acts to recover damages for death resulting from negligent operation of an automobile, *Krause v. Rarity,* 210 *Cal.* 644, 293 *P.* 62, 77 *A. L. R.* 1327; *Stoots v. Blickle* (*Cal. App.*), 19 *P.* (2d) 73.

In *Stoots v. Blickle, supra,* the rule is said to be one of universal application. In *Butler v. Palmer, supra,* it is said,

"These rights are but an incident to the statute, and fall with it."

In *People v. Livingston, supra,* it was said that the jurisdiction did vest, but was taken away, and that the Legislature undoubtedly had the power "to take away by statute what was given by statute, except vested rights." In *Bennet, Adm'r, v. Hargus, supra,* the Court said,

"If there be no such remedy at common law, then, after the unconditional repeal of the statute which created it, there is neither common law nor statute to uphold it."

*Bryson, Adm'r, v. Hines, Director-General of Railroads* (*C. C. A.*), 268 F. 290, 11 *A. L. R.* 1438, cited by the plaintiff, held that an action brought by the administrator of a soldier killed by the derailment of a train on which he was being transported under military orders, was not destroyed by an administrative order of the Director-General withdrawing the grant or permission to sue him, on the ground that the intention was not expressed in the order that it should have a retroactive effect, the Court expressly declining to discuss the question whether the order had the force of an Act of Congress.

*Eastland v. County of Clackamas* (*C. C.*), 32 *F.* 24, not cited by the plaintiff, ruled that a right of action under a Statute of Oregon, against a county for injury arising from its act or omission, was not barred by a subsequent repeal of the statute. This case seems directly in point and is opposed to the views which we entertain. *Grey's Ex'r v. Mobile Trade Co.,* 55 *Ala.* 387, 28 *Am. Rep.* 729, not cited by the plaintiff, seems to have been a case of a common law right of action. With these exceptions, we have been unable to find any authority to support the view that statutory right of action to recover damages for a tort, before final judgment, survives the repeal of the statute upon which it rests in the absence of a saving clause.

Moreover, repealing statutes are generally to be construed retrospectively. *Black on Interpretation of Laws,*

421; 59 *C. J.* 1185. And, such is the rule announced by the former Court of Errors and Appeals in this state. In *Cook v. Gray,* 2 *Houst.* 455, 475, 81 *Am. Dec.* 185, Chief Justice Gilpin said:

"Indeed, it would seem that the simple fact, of an absolute repeal of a former statute, without any express saving clause, is so inherently significant of an intent to do away, utterly, with every thing which may have arisen under the abrogated statute, unless protected by the prohibitions of the federal constitution, as to require the courts to give the repealing act a retroactive operation."

See, also, *Butler v. Palmer, supra, Krause v. Rarity, supra.* The specific purpose of saving clauses is to preserve pre-existing rights, 59 *C. J.* 1192.

Necessarily, the Act of 1933 must be held to be retroactive in its operation. The language is,

"No person * * * shall have a cause of action. * * *" *Section* 1.

A usual synonym of "have" is "possess." A cause of action remains such until merged into a judgment. From the accrual of the cause, or right, of action, until final judgment, there exists merely a right to prosecute which the statute declares shall not be had or possessed by any person in the circumstances presented here. The view of the Legislature is that suits against owners or operators of automobiles by or on behalf of gratuitous passengers to recover damages arising out of ordinary negligences constitute an evil to be suppressed. Striking directly against that evil, it is not to be supposed that the General Assembly, not having incorporated in the Act a saving clause, had a certain sympathy for accrued rights of action, but none for actions yet to arise, and, therefore, purposed to preserve and protect accrued and pending actions.

We hold, therefore, that the asserted right of action, being delictual in character, not existing at the common law, but resting wholly upon statutory authority, was de-

stroyed by the Act of 1933; and, accordingly, the demurrer is sustained.