Tracy VAUGHT,
Plaintiff-Below, Appellant,

v.

Maria K. WORTZ,
Defendant-Below, Appellee.

Supreme Court of Delaware.

Submitted: March 26, 1985.

Decided: June 19, 1985.

Kenneth F. Carmine (argued) of Potter and Carmine, P.A., Wilmington, for appellant.

Richard P.S. Hannum (argued) of Prickett, Jones, Elliott, Kristol and Schnee, Wilmington, for appellee.

Before HERRMANN, C.J., McNEILLY, HORSEY, MOORE and CHRISTIE, JJ., constituting the Court en banc.

PER CURIAM.

■ This case is an appeal from the Superior Court's grant of summary judgment in favor of defendant. The issue is whether the repeal of the Delaware Automobile Guest Statute ("Guest Statute"), 21 *Del.C.* § 6101,[1] is to apply retroactively. We agree with the Superior Court that the repeal of the Guest Statute does not apply retroactively.

I

On July 26, 1981, plaintiff, Tracy Vaught, was a passenger in a vehicle operated by defendant, Maria K. Wortz, when it was involved in an accident. Vaught allegedly suffered various injuries as a result of the accident. There is no dispute that Vaught was a "guest without payment" of Wortz's at the time of the accident.

On June 23, 1983, the Delaware General Assembly repealed the Guest Statute.[2] The Guest Statute had barred a "guest without payment" from recovering against a driver who was merely negligent.

On July 25, 1983, Vaught filed an action against Wortz claiming injuries sustained as a proximate cause of Wortz's negligence in the July, 1981 accident. No wilful or wanton conduct on the part of Wortz is

---

1. 21 *Del.C.* § 6101 provided:

§ 6101. Injury to nonpaying guest; exceptions as to passengers of public carriers and prospective purchasers of vehicles.

(a) No person transported by the owner or operator of a motor vehicle, boat, airplane or other vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident was intentional on the part of such owner or operator or was

caused by his wilful or wanton disregard of the rights of others.

2. The Act repealing the Guest Statute reads:

An Act To Amend Chapter 61, Title 21 Of The Delaware Code Relating To Civil Liability For Negligence Resulting In Injury To Passengers Of Vehicles.

Be It Enacted By The General Assembly Of The State of Delaware:

Section 1. Amend Section 6101, Chapter 61, Part IV, Title 21 of the Delaware Code, by striking said section in its entirety.

alleged. Therefore, Vaught's claim is barred if the Guest Statute is applicable.

The applicability of the Guest Statute pivots upon the issue of whether the June, 1983 repeal of the Guest Statute applies retroactively to an accident which occurred in July of 1981. If the Repealer does apply retroactively, then the Guest Statute is inapplicable and Vaught's claim is viable. However, if the Repealer does not apply retroactively, the Guest Statute is applicable and Vaught's claim is thereby barred.

## II

Although Vaught correctly contends that the repeal of the Guest Statute does not contain a "savings clause",[3] the General Assembly on July 6, 1983 passed a concurrent resolution which read:

> BE IT RESOLVED by the Senate of the 132nd General Assembly, and the House of Representatives that the legislative intent of the 132nd General Assembly in enacting Chapter 59, Volume 64, Laws of Delaware, [Repeal of the Guest Statute] is hereby declared to be that said statute is applicable only to causes of action arising after the effective date of said statute.

This resolution was passed just two weeks after the passage of the Repealer, by the same legislative body which passed the Repealer. It is, therefore, strong evidence that the legislative intent was that the Repealer not apply retroactively.

Vaught contends that regardless of the July 6th resolution of the General Assembly, the Repealer should be given retroactive effect pursuant to our holdings in *Cook v. Gray*, Ct. of Err. and App., 2 Houst. 455 (1862) and *Hazzard v. Alexander*, Del.Super., 173 A. 517 (1934). In both *Cook* and *Hazzard*, the repealers contained no savings clauses, nor was there any indication of legislative intent as to the application of the respective repealers. In those cases we held that "repealing statutes are

generally to be construed retrospectively." *Hazzard* 173 A. at 521, *See Cook,* 2 Houst. at 475.

But here, unlike in *Cook* and *Hazzard,* we have a clear indication of legislative intent in the July 6, 1983 resolution of the General Assembly. In addition, Wortz contends that it is Delaware law that statutes will not be applied retroactively unless such application clearly appears to be the intent of the legislature. *Keller v. Wilson & Comp.,* Del.Supr., 190 A. 115 (1936), *Chrysler Corp. v. State,* Del.Supr. 457 A.2d 345 (1983).

In light of (a) the general rule of law in Delaware that "to give an act a retrospective operation would be contrary to well settled principles of law applicable to the construction of statutes unless it plainly and unmistakably so provided by the statute", *Chrysler Corp. v. State,* Del.Supr., 457 A.2d 345, 351 (1983) (citations omitted), and (b) the clear indication of legislative intent against retroactive application which distinguishes the Repealer in issue from the Repealers' given retroactive application in *Cook* and *Hazzard,* we conclude the Repealer of the Guest Statute, on its face, is ambiguous as to whether it is to apply retroactively.

The ambiguity of the Repealer is resolved by the July 6th concurrent resolution which evidences a clear legislative intent that the Repealer is to be given only prospective application. Therefore, the Superior Court was correct in its holding that Vaught's claim is barred by the Guest Statute.

\*   \*   \*   \*   \*   \*

AFFIRMED.

---

**3.** A saving clause is "[o]rdinarily a restriction in a repealing act, which is intended to save rights, pending proceedings, penalties, etc., from the annihilation which would result from an unrestricted repeal". Black's Law Dictionary 1205 (rev. 5th ed. 1979).