NEW ENGLAND MORTGAGE SECURITY CO., APPELLANT, v. JOHN P. AUGHE, ET AL, APPELLEES.

1. **Usury.** A plea of usury, and of payment of interest upon an usurious contract, as payment *pro tanto* upon the principal, are available as a defense in an action on the usurious contract; but when the action is dismissed without prejudice before being submitted to the court, such defense is not such a set off or counter claim as can be retained and tried by the court.

2. **Dismissal of Action:** REMOVAL TO U. S. COURT. Where a plaintiff dismissed his action and afterwards filed a petition to remove the same to the U. S. Circuit court, it is not error for the court to overrule the motion, there being nothing to remove.

APPEAL from Saunders county. Tried below before POST, J.

*G. L. Loomis* and *Hull & Stearns*, for appellant.

No appearance for appellees.

MAXWELL, J.

This is an action to foreclose a mortgage upon real estate, brought in the district court of Saunders county, in September, 1879. The defendants, John P. and Cecelia D. Aughe, filed an answer to the petition setting up the plea of usury and the payment of $100.00 as interest. The defendant, Parmele, filed an answer disclaiming any interest in the land. On the 16th of Sept., 1880, the attorneys for the plaintiff directed the clerk to

enter a dismissal of the action without prejudice, upon payment of costs. A journal entry of November 23, 1880, shows that the cause " was, by agreement, continued." In April, 1881, the cause was again continued. In October, 1881, the cause came on for hearing upon the set-off and cause of action set up in the answer of John P. Aughe, whereupon the attorney for the plaintiff filed the necessary papers to remove said cause to the circuit court of the United States. The court denied the application upon the ground that the plaintiff had dismissed the action. The court then found the amount the plaintiff was to loan the defendant was the sum of $500.00, and a note and mortgage for that sum were taken, but that the amount of money actually paid to the defendant was the sum of $398.24. The court also found that the defendant had paid the plaintiff the sum of $100.00 interest, and thereupon rendered judgment in favor of the defendant for the sum of $201.76 and costs. The plaintiff appeals to this court.

The question to be determined is, is money, retained or paid as usury, an independent cause of action that may be severed from the usurious contract, and a recovery had thereon?

Section 5, of the act regulating interest (Comp. St. 323), provides that: "If a greater rate of interest than is hereinbefore allowed shall be contracted for or received, or reserved, the contract shall not therefore be void; but if in any action on such contract, proof be made that illegal interest has been directly or indirectly contracted for, or taken, or reserved, the plaintiff shall only recover the principal, without interest, and the defendants shall recover costs; and if interest shall have been paid thereon, judgment shall be for the principal, deducting interest paid," etc.

A party liable upon a usurious contract may avail himself of the remedy provided by the statute, if he so elect. To do so he must interpose the facts showing

usury as a defense to the action. When usury is established the plaintiff can only recover judgment for the principal, deducting interest paid. If usury has been paid, and the entire amount of the principal, no action will lie to recover it back. It is not, therefore, an independent cause of action that can be retained after the dismissal of the principal case. It is properly a defense to be set up in an action on the contract. Although no action will lie to recover back usurious interest when the entire transaction is closed up, yet, so long as any portion of the principal remains out of, or in connection with which the usurious interest accrued, it may be deducted from, or set off against such principal. *Payne v. Newcomb*, 16 West. Jurist, 89. *Hawho v. Snyjaker*, 88, 111, 197. *Mitchell v. Lyman*, 77 Ill., 225. *Peddicord v. Conrad*, 85 Ill, 102. *Jenkins v. Greenbaum*, 93 Ill., 2. *House v. Davis*, 60 Ill., 367. *Hadden v. Innis*, 24 Ill., 381. *Farwell v. Myers*, 35 Ill., 41. *Saylor v. Daniels*, 37 Ill., 331. *Jenkins v. International Bank*, 95 Ill., 568. The defense of usury is still available to the defendants when an action is brought on the note and mortgage.

The court did not err in overruling the motion to remove the cause to the U. S. Circuit court, there being no case in court to remove.

The judgment of the district court is reversed.