CHARLOTTE M. BALKA, APPELLANT, v. SCHOOL DISTRICT NO. 53-J OF LISCO, IN THE COUNTY OF GARDEN, NEBRASKA, APPELLEE.

171 N. W. 2d 646

Filed October 24, 1969. No. 37236.

Lovell & Raymond, for appellant.

McGinley, Lane, Mueller, Shanahan & McQuillan, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an action to determine the validity of a teacher's contract. The plaintiff was employed by the defendant, a Class I school district, under a written contract for the school year commencing in September 1967.

The petition alleges that on or about March 1, 1968, the defendant's principal advised the plaintiff orally that her contract for the next year would not be renewed. The plaintiff received no written notice of termination from the secretary of the school board and the plaintiff filed no written notice of acceptance of automatic renewal of the contract.

The plaintiff claims that her contract was automatically renewed by operation of law. The defendant has refused to honor the contract or permit the plaintiff to teach in its schools.

The trial court sustained a general demurrer to the petition. The plaintiff elected to stand on the petition and the action was dismissed. The plaintiff has appealed.

The question presented is whether the plaintiff was required to file a written notice of acceptance of automatic renewal in order to claim the benefit of the statute. Section 79-1254, R. R. S. 1943, provides in part as follows: "Any contract of employment between a

teacher who holds a certificate which is valid for a term of more than one year and a Class I, II, III, or VI district shall be deemed renewed and shall remain in full force and effect until a majority of the members of the board vote on or before April 1 to amend or to terminate the contract at the close of the contract period; Provided, that the secretary of the board shall, not later than April 15, notify each teacher in writing of any amendments to his contract or the termination of his contract; and provided further, that a teacher whose contract is terminated shall have the right to file a written request with the board of education for a hearing before the board. Such request shall be filed within fifteen days after receipt of the notice of termination and such request shall be granted by the school board or board of education. After such hearing a written statement as to the termination shall be given if requested by the teacher. Any superintendent or teacher whose contract is amended or automatically renewed according to the provisions of this section shall file written notice with the secretary of the board within fifteen days after receiving such notice of his acceptance of the amendments to or renewal of such contract, and failure to file such notice shall be regarded as conclusive evidence of his nonacceptance of the amendments to or renewal of his contract."

The automatic renewal provision originated in 1937 when the statute was amended to provide, in part: "The original contract of employment with a superintendent or a teacher shall require the sanction of a majority of the members of the board; but thereafter said contract shall be deemed renewed and shall remain in full force and effect until a majority of the members of the board vote on or before April first to terminate the contract at the close of the contract period, or until the contract is superseded by a new contract mutually agreed to by the board and the superintendent or teacher: Provided, that any superintendent or teacher whose contract is automatically renewed according to the aforesaid pro-

visions shall file written notice with the secretary of the board within fifteen days thereafter of his or her acceptance of said contract and failure to file such notice shall be regarded as conclusive evidence of his or her non-acceptance of the contract; * * *." Laws 1937, c. 182, § 4, p. 716.

In 1959, the statute was amended to require that the secretary of the board "not later than April 15, notify each teacher in writing of his election or failure of election." The notice of acceptance requirement was changed to read "within fifteen days after receiving such notice of election." Laws 1959, c. 411, § 1, p. 1377.

In 1965, the statute was changed to its present form. The notice of election requirement was eliminated but the notice of acceptance of automatic renewal was still required within 15 days "after receiving such notice." Laws 1965, c. 528, § 1, p. 1660.

The plaintiff contends that written notice of acceptance is no longer required because there is now no provision for the notice of election to start the 15-day period for giving notice of acceptance. The defendant contends that notice of acceptance must be given within 15 days after April 15, which is the last day upon which notice of amendment or termination may be given by the secretary of the board.

In construing a statute, effect must be given if possible to all it several parts. No sentence, clause, or word shall be rejected as meaningless or superfluous if it can be avoided. Heywood v. Brainard, 181 Neb. 294, 147 N. W. 2d 772.

The requirement of notice of acceptance has been in the statute since 1937. Although it is not clear as to when the Legislature intended that the notice be given, it is clear that notice of acceptance of automatic renewal is still required.

The notice of acceptance is important to each of the parties because it fixes their relationship for the following year. The teacher is not required to accept the

benefit of the automatic renewal statute; but if the teacher intends to claim the benefit of the statute, it is important that the school district know of that intention.

The construction urged by the plaintiff would eliminate the requirement of notice of acceptance. The construction urged by the defendant would result, in practical effect, in a procedure similar to that under the 1937 amendment.

We conclude that unless written notice of acceptance of automatic renewal is given to the secretary of the board within 15 days after April 15, the contract is not renewed under the statute. Since there was no notice of acceptance given in this case, the contract was not renewed.

The judgment of the district court is affirmed.

AFFIRMED.