HAROLD A. NELSON ET AL., APPELLANTS, v. R. BELLE ROBERTSON, COUNTY SUPERINTENDENT OF SCHOOLS OF BURT COUNTY, NEBRASKA, APPELLEE.

188 N. W. 2d 720

Filed July 2, 1971. No. 37893.

Bernard T. Pipher and Wilson, Barlow & Watson, for appellants.

Ralph M. Anderson, Jr., and Perry, Perry & Witthoff, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

Plaintiffs challenge the authority of a county super-intendent of schools to dissolve a school district and attach its territory to an adjoining district under the provisions of section 79-486, R. S. Supp., 1969. The trial court affirmed the dissolution and merger ordered by the county superintendent of schools. We reverse the judgment of the district court.

Plaintiffs are residents and electors of School District No. 60 of Burt County, Nebraska, a Class I district. De-fendant is the county superintendent of schools of Burt County. Prior to March 31, 1970, School District No. 60 had entered into contracts for 5 consecutive years for the instruction of its pupils with School District No. 14 of Burt County, an adjoining Class III district. The five contracts were on file in the defendant's office.

The defendant complied with all the procedural steps required in section 79-486, R. S. Supp., 1969, and on March 31, 1970, prior to termination of the fifth school year, entered an order dissolving School District No. 60 and attaching its territory to School District No. 14. On that date petitions purporting to be signed by ap-proximately 78 percent of the legal voters of School District No. 60 and the board of education of School District No. 62 were on file with the county committee for the reorganization of school districts of Burt County. The petitions requested the dissolution of School Dis-trict No. 60 and the attachment of its territory to School District No. 62, an adjoining Class I district. No waiver

of the provisions of the statute had been obtained from the State Board of Education.

The questions presented deal with statutory interpretation. Does a county superintendent of schools have authority to dissolve a school district after it has entered into a contract with another school district for the instruction of its pupils for a fifth consecutive year, but before the termination of the fifth school year? Does the filing of petitions with the county committee under section 79-402, R. S. Supp., 1969, suspend the authority of a county superintendent of schools to act under section 79-486, R. S. Supp., 1969?

It will be noted that the statutes of Nebraska provide several methods for the dissolution, merger, and reorganization of school districts. Section 79-402, R. S. Supp., 1969, provides for a voluntary reorganization by petitioning the county committee for the reorganization of school districts. Section 79-426.23, R. S. Supp., 1969, also provides for the voluntary merger of Class I or II districts with other school districts by petitioning the county committee and holding an election. Sections 79-408, 79-408.01, 79-408.02, and 79-420, R. R. S. 1943, provide for the mandatory and involuntary dissolution and merger of school districts which have been reduced in size or area, or in valuation, or have lost population. Section 79-486, R. S. Supp., 1969, provides: "* * * the county superintendent *shall* dissolve and attach to a neighboring district or districts any school district which, for five consecutive years, *contracts for the instruction of its pupils,* * * *."* (Emphasis supplied.) This section also requires mandatory action by the county superintendent, with or without the consent of residents of the school district to be dissolved.

It is a cardinal principle that statutes pertaining to the same subject matter should be construed together, as if they were one law, and effect given to every provision. See, State ex rel. Hartman v. Weiss, 181 Neb. 685, 150 N. W. 2d 264; Keller v. State, 184 Neb. 853, 172

N. W. 2d 782. We have before us several statutes providing for the voluntary and involuntary dissolution of a school district. During the years School District No. 60 was contracting with School District No. 14, it could readily have adopted one of the methods for a voluntary dissolution and reorganization. It did not see fit to do so until after contracting for the fifth year.

Had School District No. 60 become depopulated or reduced in area or valuation as contemplated by sections 79-408, 79-408,01, 79-408.02, or 79-420, R. R. S. 1943, it is readily apparent that the Legislature intended it should be mandatory for the county superintendent of schools to dissolve the school district regardless of any belated efforts to effect a voluntary reorganization. In other words, when a situation such as is contemplated by these statutes develops, the mandatory statutes take effect and control the action to be taken to the exclusion of any voluntary system of reorganization which had formerly been available. The same is true with reference to the mandatory dissolution required by section 79-486, R. S. Supp., 1969. The pendency of voluntary proceedings before the county committee cannot and does not serve to delay the mandatory dissolution required by the statute. Statutory plans for the voluntary dissolution of a school district cease to be available when the district becomes subject to a statute requiring its mandatory dissolution by the county superintendent of schools and the provisions of the statute have been invoked.

It remains to be determined whether or not the order of the county superintendent of schools was ineffective because entered prior to termination of the fifth school year. The statute on its face is ambiguous. The provisions of section 79-486, R. S. Supp., 1969, appear to become effective when a school district "*for five consecutive years, contracts* for the instruction of its pupils." (Emphasis supplied.) When has the school district contracted for a fifth year? There can be but one answer.

It so contracted when it executed the contract for the fifth year and filed the contract in the office of the county superintendent of schools. In the absence of a waiver by the State Board of Education, this would indicate that the county superintendent of schools is then compelled to act. The entry into a contract for the fifth year would appear to be the determining and precipitating factor.

There are, however, other provisions of the statute indicating a contrary legislative intent. The statute confers on a district the right to contract for the education of its students in a neighboring district for the full 5-year period. Of necessity this would hold in abeyance the effective date of any order of dissolution until the fifth school year had terminated. Furthermore, the statute contemplates that under certain circumstances a waiver by the State Board of Education of the statutory provision for dissolution may be obtained. True, the county superintendent of schools must recommend the granting of a waiver, but that decision may not be arbitrarily made. There is no restriction as to the time when such a waiver may be obtained nor as to the period which it may cover. It is apparent that if an order of dissolution should be entered, and thereafter a waiver granted, the latter would necessarily supersede the former. These factors are indicative of a legislative intent to defer the mandatory order of dissolution until the close of the fifth school year. To hold that the district may be dissolved immediately after entering into a contract for the instruction of its pupils for a fifth year would nullify these provisions of the statute. In construing a statute, effect must be given, if possible, to all its several parts, and no sentence, clause, or word should be rejected as meaningless or superfluous if it can be avoided. See Balka v. School District No. 53-J, 184 Neb. 706, 171 N. W. 2d 646. The provisions of section 79-486, R. S. Supp., 1969, for the dissolution of school districts may not be invoked until the termina-

tion of the fifth school year. See Bierman v. Campbell, 175 Neb. 877, 124 N. W. 2d 918.

We reverse the judgment and remand the cause to the district court with directions to enter judgment denying dissolution and merger as ordered by the county superintendent.

REVERSED AND REMANDED.