MILLARD R. SELDIN, APPELLANT, v. NORTHLAND MORTGAGE COMPANY, APPELLEE.

202 N. W. 2d 174

Filed November 10, 1972. No. 38257.

John W. Delehant, for appellant.

Abrahams, Kaslow & Cassman, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and CLINTON, JJ., and COLWELL, District Judge.

WHITE, C. J.

This is an action to recover purportedly usurious interest, which interest was completely paid by the plaintiff. Jury being waived, the cause was tried to the court which found generally in favor of the defendant and dismissed the case. We affirm the decision of the district court.

The plaintiff is an experienced real estate developer, doing business with various associates through several partnerships and corporations. The defendant is engaged in the mortgage banking business, which includes serving as a middleman in the placement of long-term loans with large institutional lenders such as insurance companies.

In 1967 the plaintiff, in his capacity as president of Northport Properties, Inc., a corporation owned by him, solicited the defendant's services in securing a 25-year loan of $1,800,000 to finance construction of a high-rise apartment on property owned by Northport. The agreement into which the parties entered at that time provided that the defendant was to receive a contingent fee of one percent of the amount of the loan. Shortly thereafter, the plaintiff, again in his capacity as president of Northport, applied to the defendant for a loan of $150,000 to pay a purchase money mortgage on the property owned by Northport. The application was approved, but the loan was made in the amount of $168,000. The $18,000 difference was attributed to a decision on the part of the defendant that it would require a fixed, nonrefundable fee of $18,000 for its services in the at-

tempt to obtain financing for the apartment project, rather than the contingent fee upon which the parties had previously agreed. The plaintiff contends that the additional $18,000 was actually additional interest which, when combined with the stated interest of 7 percent, made the entire transaction usurious. The loan was secured by a mortgage on the land, and called for monthly interest payments, with the principal due in a single payment at the end of 1 year. In light of the disposition we make of this case, a more elaborate discussion of the facts is unnecessary.

It is well established in this State that usury is a defense rather than a cause of action, and that after usurious interest has been paid an action will not lie to recover it. Waller v. First Trust Co., 126 Neb. 403, 225 N. W. 29; Blain v. Willson, 32 Neb. 302, 49 N. W. 224; New England Mortgage Security Co. v. Aughe, 12 Neb. 504, 11 N. W. 753. An exception to this rule is provided in section 45-138, R. R. S. 1943, a part of the Installment Loan Act: "Any contract of loan made in violation of this section * * * shall not on that account be void, but the licensee shall have no right to collect or receive any interest or charges on such loan. If any interest or other charges have been collected, the licensee shall forfeit and refund to the borrower all interest and other charges for the loan involved."

This section applies only to installment loans, and the plaintiff can avail himself of the exception provided therein only if this is determined to be an installment loan. This court is being asked to hold that a loan providing for periodic interest payments and a single principal payment is an installment loan under the provisions of the Installment Loan Act. The consequence of such a holding would be to find all such loans violate the act, for section 45-138, R. R. S. 1943, also provides: "Every loan contract shall provide for repayment of principal and charges in installments which shall be * * * so arranged that no installment is substantially

greater in amount than any preceding installment." It is clear that no loan of the type involved here could possibly satisfy this requirement. This court has held several times that although the Installment Loan Act applies primarily to those who have been licensed under the act, its inhibitory provisions apply to nonlicensees as well. Pattavina v. Pignotti, 177 Neb. 217, 128 N. W. 2d 817; State ex rel. Beck v. Associates Discount Corp., 168 Neb. 298, 96 N. W. 2d 55; Powell v. Edwards, 162 Neb. 11, 75 N. W. 2d 122. It appears, then, that if the plaintiff is correct, all loans of this description, by whomever made, are in violation of the Installment Loan Act, and the lender is entitled to collect no interest thereon.

Boiled down, the only real question involved in this case is whether or not the Seldin-Northland loan was an installment loan as intended by the Installment Loan Act. §§ 45-114 to 45-158, R. R. S. 1943. The entire principal sum was due and payable March 1, 1968, and interest on the note at the rate of 7 percent per annum was to be paid monthly as billed by Northland on the whole amount including the $18,000 fee previously mentioned. To bottom his argument that this was an installment loan, within the meaning of the Installment Loan Act, plaintiff refers to the provisions of section 45-138, R. R. S. 1943, which we have quoted previously in this opinion. The essence of this section of the statute is to provide for *equal* intervals of time and *equal* amounts of payment. The equal payment provision of section 45-138, R. R. S. 1943, has been unchanged since its appearance in 1943. See Laws 1943, c. 107, § 4, p. 371. It is abundantly clear from the language of the statute itself and from the history of our decisions construing the act that the *equal* payment provision of the act was intended to prohibit the vice of balloon payment schemes where the borrower would face a large or balloon payment after months of level payments. See State ex rel. Beck v. Associates Discount Corp., *supra*. This section of the statute was directly aimed

at the balloon payment device as used by unscrupulous lenders to extract exorbitant refinancing agreements from small loan borrowers whereby many small loans mushroomed to large debts and attractive profits.

Despite the number of decisions that have been rendered by this court under the Installment Loan Act, this court has not had occasion to consider a loan similar to that presented here, where a single-payment note for a large amount on undeveloped real estate is accompanied by an agreement for periodic interest payments during the term of the note. We hold that such a note agreement is not an installment loan as intended by the Installment Loan Act.

The argument advanced by plaintiff is both simple and deceptive; it is that periodic payment of interest during the term of a single-payment note makes the note an installment loan. To buttress this bold proposition plaintiff cites section 45-138, R. R. S. 1943, quoted *supra,* and relies on the equal payment provisions of that section which we have discussed. The argument is fallacious. Section 45-138, R. R. S. 1943, applies only to installment loans and not loans generally. The intention of the section, and the mischief sought to be prevented for the protection of small borrowers, is that every installment loan must provide for repayment of principal and charges at substantially equal intervals and in equal amounts for the purpose of avoiding the large balloon payment requiring refinancing with all the charges incident thereto. It is true that the note involved in this case did not meet these requirements of section 45-138, R. R. S. 1943. As a matter of simple logic, it is equally clear that the note here does not become an installment loan act violation simply because it did not meet the requirements of an installment loan under section 45-138, R. R. S. 1943. All loans under the Installment Loan Act must provide for substantially equal payments at approximately equal intervals, but because any loan, regardless of size, does not have such

a provision, it does not follow that it is in violation of the Installment Loan Act. A single-payment note for a land loan cannot convert such a loan into an installment loan. It is clear that the term "every loan contract" means every installment loan contract within the meaning and the purpose of the whole act. The equal payment provision was designed to cure the mischief of a balloon payment, and not to prohibit single-payment land loans.

Plaintiff offers no other argument which could support his claim that the instant note was actually an installment loan within the meaning of the act. It is clear, just as in questions of whether a transaction is a time sale made in good faith or the financing of the unpaid balance of a cash purchase price, the real question of whether a transaction is an installment loan is a question for the trier of fact under the circumstances. See Powell v. Edwards, *supra*. The trier of fact, in deciding this question, is entitled to look through the form and examine the substance of the transaction under all the circumstances. See State ex rel. Beck v. Associates Discount Corp., *supra*.

We judicially notice the fact that the making of large mortgage land loans, such as the one here and in the manner in which this one was made, is not an uncommon practice in the lending business. We observe that during the long history of the Installment Loan Act there has been no whisper from an authoritative source that such transactions might be other than they appeared on their face. The Department of Banking, charged with the duty of enforcing the act and entitled to the first reasonable interpretation of its terms, has done nothing to restrain the practice, and the Legisla-ture has not seen fit to act in any manner in relation to the making of notes and mortgages on large land loans and construction contracts which include such provisions. We reach the same conclusion when we examine the history of the act and its proper relation

to other provisions of the banking and loan laws of this state.

In Placek v. Edstrom, 148 Neb. 79, 26 N. W. 2d 489, 174 A. L. R. 856, we held: "In enacting a statute, the Legislature must be presumed to have had in mind all previous legislation upon the subject. In the construction of a statute courts must consider the preexisting law and any other laws relating to the same subject." See, also, Lang v. Sanitary Dist., 160 Neb. 754, 71 N. W. 2d 608. In section 8-446, R. S. Supp., 1971 (amended in 1971 only with regard to the length of time in which the loan is repayable), a legislative definition of the term installment loan may be distilled from the following provision: "Every loan made under the provisions of sections 8-435 to 8-450 shall be repayable within a period of one hundred twenty months or less in approximately equal or declining installments of *principal and interest* at approximately equal intervals." (Emphasis supplied.)

In Airport Authority of City of Millard v. City of Omaha, 185 Neb. 623, 177 N. W. 2d 603, we said: "We should not give an interpretation to a statute which would have the effect of nullifying another statute when obviously that was not the clear legislative intent."

If we were to accept plaintiff's contention that a loan providing for periodic interest payments and a single principal payment is an installment loan, we would appear to be nullifying the legislative definition of this term as expressed in section 8-446, R. S. Supp., 1971.

In Nelson v. Robertson, 187 Neb. 192, 188 N. W. 2d 720, we said: "It is a cardinal principle that statutes pertaining to the same subject matter should be construed together, as if they were one law, and effect given to every provision." After consideration of the aforementioned principles, we conclude that plaintiff's contention is without merit.

We hold that real estate mortgage loans by non-licensees, whose terms call for periodic interest pay-

ments and a single payment of principal are not installment loans and are not subject to the inhibitory provisions of the Installment Loan Act, sections 45-114 to 45-158, R. R. S. 1943. This being so, the plaintiff cannot avail himself of the provision in the act which allows a borrower to sue to recover allegedly usurious interest which has already been paid.

The plaintiff argues in the alternative that the loan transaction violated section 45-501, R. R. S. 1943, a disclosure statute which was not a part of the Installment Loan Act. Section 45-502, R. R. S. 1943, provided that where a loan transaction violates the provisions of section 45-501, R. R. S. 1943, a borrower may sue to recover any interest which he has paid. Both of these statutes were repealed, without a savings clause, effective June 26, 1969. Laws 1969, c. 45, § 3, p. 258. This suit was not brought until April 7, 1970. It is well established that the repeal of a statute without any reservation takes away all remedies given by the repealed statute. City of Beatrice v. Gage County, 130 Neb. 850, 266 N. W. 777; Bennet v. Hargus, 1 Neb. 419; 82 C. J. S., Statutes, § 439, p. 1012. These statutes were repealed almost a year before this suit was brought, and it is clear that the plaintiff cannot rely on them.

The decision of the district court is correct and is affirmed.

AFFIRMED.

CLINTON, J., concurs in the result.

BOSLAUGH, J., concurring.

This case involves a $150,000 land loan made by the defendant to Northport Properties, Inc., a corporation owned by the plaintiff. The plaintiff was liable on the note as an endorser. This action was brought to recover what was alleged to have been usurious interest paid to the defendant.

The only issue of any importance in the appeal is whether the Installment Loan Act was applicable. Since the loan had been repaid in full before the action was

commenced, there could be no recovery of interest paid, even if it had been usurious under the general interest statute. The plaintiff attempted to recover on the theory that the Installment Loan Act was applicable. The majority opinion correctly holds that the Installment Loan Act has no application to a transaction of this nature.

The Installment Loan Act authorizes persons licensed under the act to loan not to exceed $3,000 at rates in excess of 9 percent per annum in accordance with the requirements and conditions specified in the act. The act contemplates a "small" loan where the risk is great and the expense under conventional rates prohibitive. The act was never intended to apply to nonlicensees who make loans in the traditional manner at conventional rates such as amortized real estate loans. Pattavina v. Pignotti, 177 Neb. 217, 128 N. W. 2d 817.

Although the act applies to loans made by nonlicensees at rates which would be authorized if the lenders were licensed under the act, it has no application to loans made by a nonlicensee which are not within the scope or contemplation of the act.

CLINTON, J., joins in this concurrence.