IN RE APPLICATION OF THE LIVESTOCK CARRIERS DIVISION
OF THE MOTOR CARRIERS ASSOCIATION.
LIVESTOCK CARRIERS DIVISION OF THE MOTOR CARRIERS
ASSOCIATION, APPELLANT, V. MIDWEST PACKERS TRAFFIC
ASSOCIATION ET AL., APPELLEES.
213 N. W. 2d 443

Filed December 14, 1973.   No. 39004.

James E. Ryan, for appellant.

Peterson, Bowman, Coffman & Larsen, Richard A.
Peterson, A. J. Swanson, Luedke, Radcliffe, Gilmore &
Evans, Wm. L. Gilmore, Marti, Dalton, Bruckner, O'Gara

& Keating, Lloyd J. Marti, and Warren K. Dalton, for appellees.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and NEWTON, JJ., and RONIN, District Judge.

NEWTON, J.

This case arose out of an application filed by the Livestock Carriers Division of the Motor Carriers Association, appellant herein, requesting the Nebraska Public Service Commission to establish minimum rates and charges, and rules and regulations, for the transportation of livestock by motor common carriers in intrastate commerce. The application was dismissed for want of jurisdiction. We affirm the order of the Commission.

Appellant contends that the Commission had jurisdiction to grant the relief prayed for and that the denial of a hearing on the merits was erroneous.

The Nebraska Motor Carrier Act was recodified in 1963. Prior to that time the statutes clearly exempted livestock carriers from the type of regulation here requested. See, former §§ 75-222, 75-223, 75-224 (4), 75-225, and 75-241, R. R. S. 1943.

Article IV, section 20, Constitution of Nebraska, provides, in regard to the powers of the Legislature and the Nebraska Public Service Commission as follows: "The powers and duties of such commission shall include the regulation of rates, service and general control of common carriers as the Legislature may provide by law. But, in the absence of specific legislation, the commission shall exercise the powers and perform the duties enumerated in this provision."

The exemption of livestock carriers from the jurisdiction of the Commission has been approved by this Court. See Rodgers v. Nebraska State Railway Commission, 134 Neb. 832, 279 N. W. 800.

Since recodification of the statutes, the general power to fix rates, charges, and regulations affecting *all* common carriers in intrastate commerce is found in section

75-118, R. R. S. 1943. Chapter 75, article 3, purports to deal solely with motor carriers and defines the term "common carrier." The authority to regulate rates, etc., found in section 75-118, R. R. S. 1943, relates only to common carriers and must necessarily relate to that term as defined in section 75-302, R. S. Supp., 1972, as limited by section 75-303, R. S. Supp., 1972. The latter statute provides: "The provisions of sections 75-301 to 75-322.01 shall apply to the transportation of passengers or property by motor carriers for hire engaged in intrastate commerce except: * * *

"(5) To ranch, dairy, or farm products, including livestock, being transported by motor vehicle from or to any ranch, dairy, farm, feedlot or any market; * * *."
The fact that the exemptions contained in section 75-303, R. S. Supp., 1972, are ostensibly limited to the provisions of sections 75-301 to 75-322.01 and do not specifically refer to section 75-118, R. R. S. 1943, cannot alter the obvious legislative intent. "In the construction of a statute, courts must consider the preexisting law and any other laws relating to the same subject. * * *

"Courts should not give an interpretation to a statute which would have the effect of nullifying another statute when obviously that was not the clear legislative intent. * * *

"It is a cardinal principle that statutes pertaining to the same subject matter should be construed together, as if they were one law, and effect given to every provision." Seldin v. Northland Mortgage Co., 189 Neb. 175, 202 N. W. 2d 174.

It will be noted that section 75-301, R. R. S. 1943, refers, among other things, to rates. It provides: "It is hereby declared to be the policy of the Legislature to * * * (2) promote adequate economical and efficient service by motor carriers, and reasonable charges therefor, without unjust discrimination, undue preferences or advantages, and unfair or destructive competitive practices; * * *." It is not disputed that section 75-303,

R. S. Supp., 1972, specifically refers to section 75-301, R. R. S. 1943.

We conclude that the Nebraska Public Service Commission was without jurisdiction or authority to grant the relief sought by appellant and that a denial of a hearing on the merits of the application was without prejudice. The order of the Commission is affirmed.

AFFIRMED.

BOSLAUGH, J., concurring.

The appellant argues that section 75-303 (5), R. S. Supp., 1972, is unconstitutional, but failed to comply with Rule 18 of the rules of this court. Since a division of the court may not hear and determine cases involving the constitutionality of a statute, the constitutional questions raised by the appellant have not been decided. See Constitution of Nebraska, Article V, section 2.