REQUESTED BY: Dear Senator DeCamp:
You have requested the opinion of this office regarding Neb.Rev.Stat. § 25-1640 (Cum.Supp. 1980), as amended by LB 733, 86th Legislature, Second Session, 1980. You explained that such opinion is being sought in order to determine whether you should propose additional legislation.
Neb.Rev.Stat. § 25-1640 (Cum.Supp. 1980) provides in pertinent part:
 "Any person who is summoned to serve on jury duty shall not be subject to discharge from employment, loss of pay, loss of sick leave, loss of vacation time, or any other form of penalty, as a result of his or her absence from employment due to such jury duty, upon giving reasonable notice to his or her employer of such summons. Any person who is summoned to serve on jury duty shall be excused upon request from any shift work for those days required to serve as a juror without loss of pay."
(Emphasis added.) Violation of section 25-1640 is a Class IV misdemeanor.
Your inquiry focuses on the above emphasized language, added by LB 733. Specifically, you have inquired:
 "Could a company establish a policy that requires a person summoned for jury duty (but did not serve as a juror and released for the day which would be a normal working day) to call the company to have a determination made as to whether the company needed that individual to work the remainder of his or her normal working shift?"
You have explained that the above emphasized statutory language appears to be subject to varying interpretations which result in contradictory responses to your inquiry. You suggest that said statute could be interpreted to require that an employee, who is summoned to serve on jury duty, be excused from work without loss of pay, etc., until the individual's term of jury duty service expires. Contrarily, you suggest that said statute could be interpreted as providing that any person summoned for jury duty service must be excused without loss of pay, etc., from work on any shift for those days he or she actually serves as a juror, so if a person summoned for jury service is excused by the court for a particular day(s) or on a particular case, he or she could be required to work on that day and could be subject to loss of pay or leave. (Emphasis yours.)
It is well established that in the construction of a statute, preexisting law and any other laws relating to the same subject must be considered. Livestock Carriers Divisionof Nebraska Motor Carriers Ass'n v. Midwest PackersTraffic Ass'n, 191 Neb. 1, 213 N.W.2d 443 (1973). The existing statutory scheme regarding the selection of jurors clearly contemplates that jurors who are summoned and appear may thereafter be excused from service, subject to recall on the same panel. Neb.Rev.Stat. § 25-1631.03, § 25-1634.01
(Reissue 1979). Pursuant to Neb.Rev.Stat. § 33-138 (Reissue 1978), no person is entitled to jury compensation for the days he or she is voluntarily absent or excused from service by court order.
The language utilized in section 25-1640 (Cum.Supp. 1980), regarding `persons summoned to serve on jury duty,' indicates that the class potentially protected, i.e., entitled to absence from employment without penalty, encompasses all persons initially selected who receive a summons to report for jury duty. However, the scope of employment protection provided is limited by the phrase, `for those days required to serve as a juror.' In light of the aforementioned statutory scheme, in our opinion, a person who is excused from service by court order is not `required to serve as a juror,' within the meaning of section 25-1640. Thus, if a person, summoned for jury duty, is excused from service by court order, he or she is not protected by the provisions of section 25-1640, for the days so excused.
Said interpretation is consistent with the legislative history of LB 234, Eighty-sixth Legislature, First Session, 1979, which indicates that section 25-1640 was originally enacted for the purpose of jury protection, or more specifically, to prevent employers from inhibiting employees in the performance of their civic duty or obligation. (Hearings on LB 234, Committee on the Judiciary, 86th Legislature, 1st Session, 1979, p. 4.). The legislative history of LB 733, which, among other amendments, added the above emphasized language in section 25-1640, indicates that the purpose of said language was merely to clarify that the protection afforded by this statute also extends to persons employed on night shifts. In other words, the purpose of said amendment was to ensure that persons working night shifts would not be penalized by being required to report to work at night after reporting for jury duty during the day. (Floor debate on LB 733, 86th Legislature, 2nd Session, 1980, p. 7910.) In essence, it appears to us that the legislative intent is to secure employment protection for those persons whose required attendance at the courthouse in connection with jury duty would result in absence from employment or would necessitate also working a night shift.
In summary, in our opinion, both the statutory language and legislative history lead to the conclusion that a person, who is summoned for jury duty, but thereafter excused from service and directed not to report to the courthouse unless recalled, could lose pay, etc., for absence from work on the days so excused from jury service.
If we can be of further assistance, please advise.